351 So.2d 698 (1977)
Donald Ray CROSS
v.
STATE.
7 Div. 557.
Court of Criminal Appeals of Alabama.
October 25, 1977.
Cary F. Smith, Anniston, for appellant.
William J. Baxley, Atty. Gen. and Elizabeth N. Petree, Asst. Atty. Gen., for the State.
BOOKOUT, Judge.
Robbery; sentence: ten years imprisonment.
Appellant was charged with robbing a grocery store operated by A. Z. Haynes on January 27, 1977. Haynes identified the appellant as the man who entered his store, held a shotgun on him, and took approximately $100 from his cash register.

I
Robert Vinson, a State's witness, testified that he had loaned his shotgun to the appellant sometime prior to the robbery, but could not remember exactly when. The district attorney elicited from Vinson that appellant borrowed the gun about three weeks before Vinson had given Detective Steve Robinson a statement about the incident. On cross-examination, Vinson's *699 testimony was to the effect that he had actually loaned the gun to the appellant in the fall of 1976 to use for squirrel hunting and that appellant had returned the gun the same day. A sworn statement to that effect, given by Vinson to the defense counsel, was introduced into evidence also. On redirect examination, the district attorney called to the witness' attention his contradicting testimony and asked him further questions on that point. The defense objected that the prosecution was impeaching its own witness, and the trial court overruled the objection. From the answers elicited from Vinson, it is uncertain whether he told Detective Robinson that the appellant borrowed his gun three weeks earlier or three months earlier. At best, the testimony of Vinson on that point is confused and inconclusive.
Appellant contends that the trial court erred in allowing the prosecution to examine its own witness concerning the discrepancy in his testimony. We disagree. The rule is that a party cannot impeach his own witness by showing by another witness inconsistent statements by the witness sought to be impeached. However, this court in Randolph v. State, Ala.Cr.App., 331 So.2d 766, cert. denied, Ala., 331 So.2d 771 (1976) stated:
". . . This rule, to which there is uniform adherence by the appellate courts of Alabama, is not inconsistent with the principle that a party, who has been surprised by a witness, may interrogate him, lead him, in effect cross-examine him, in order (1) to refresh the recollection of the witness or (2) to show the surprise of the party who called the witness. . . ."
Also see: Jarrell v. State, 35 Ala.App. 256, 50 So.2d 767 (1949).

II
Appellant contends that the trial court committed error in failing to serve him with a copy of a special venire at least one day prior to the trial, pursuant to the requirements of Title 30, § 63, Code of Alabama 1940. Appellant filed a motion for a continuance based upon his failure to receive a copy of the special venire. The motion was filed in open court, but the record does not reflect that a ruling was ever made on the motion. It appears that appellant was served with a copy of the venire for the week of May 23, 1977, but the trial did not commence until the week of June 13, 1977. The State properly contends that absent a ruling on the motion, there is nothing for this court to review. Mitchell v. State, Ala.Cr.App., 338 So.2d 524 (1976). We would further point out that it is unnecessary to serve a copy of a special venire upon a defendant charged with robbery as it is no longer a capital felony. Our previous ruling on this point is set out fully in Fisher v. State, 57 Ala.App. 310, 328 So.2d 311 (1976) cert. denied, 295 Ala. 401, 328 So.2d 321.

III
A. Z. Haynes testified that the appellant committed the robbery. He had seen appellant in the store on more than one occasion and had ample opportunity to observe the appellant during the robbery. He testified that after the robbery, he went to the police station, looked through some one hundred or more photographs from which he selected a photograph of the appellant. He stated that he looked at the photographs alone and that no one suggested to him which one to select. Haynes was fully cross-examined on his identification of the appellant, and he stated in positive terms that his in-court identification of the appellant was based upon his observation of the robber at the time of the robbery and was not based upon the photograph identification at the police station. No objection to the identification procedure was made during Haynes' testimony.
At the end of the State's case in chief, counsel for appellant argued to the court that appellant was in custody (on a misdemeanor charge) at one of the times Haynes may have viewed photographs and thus appellant was entitled to have an attorney present as the photographs were viewed. The record showed that the appellant *700 was not in custody when Haynes selected his photograph from some one hundred others, on the night of the robbery. Detective Robinson had testified that Haynes viewed photographs on the night of the robbery and also had viewed some photographs on January 31. However, he was not positive whether Haynes viewed any photographs on February 15. Since the appellant was arrested on February 11 on a charge of assault and battery, his counsel contends that a photographic identification allegedly conducted on February 15 violated his right to counsel. While such an argument is made, no motion requesting any specific action by the trial court appeared in the record and neither does any ruling thereon appear. The trial court's discussion of the issue with defense counsel does not constitute a ruling. Thus, no error is shown in the record.
In any event, the appellant was not entitled to counsel during the photograph identification process in this case. "[T]he Sixth Amendment does not grant the right to counsel at photographic displays conducted by the Government for the purpose of allowing a witness to attempt an identification of the offender. . . ." United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). There is likewise no showing in the record that the identification of appellant by Haynes was the result of an impermissibly suggestive procedure. Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala., 339 So.2d 601 (1976).

IV
Appellant moved to suppress a shotgun recovered from the home of Robert Vinson on the ground that its seizure was the result of an illegal search. The appellant was not present when the search was made, he did not own the weapon, nor did he have any proprietary interest in or right of possession over the place searched, thus he had no standing to challenge the search. Lewis v. State, Ala.Cr.App., 335 So.2d 426 (1976); Barbosa v. State, Ala.Cr.App., 331 So.2d 811 (1976).

V
Appellant contends that the trial court erred in allowing the prosecution to reopen its case. The record shows that at the end of the State's case in chief, appellant moved to exclude the State's evidence for failure to prove venue. The trial court allowed the State to recall a witness and prove venue. We find no error. The trial court has discretion to allow the State to reopen its case at any time prior to the conclusion of final arguments. Title 7, § 252, Code of Alabama 1940. Final arguments had not commenced, and the defense had not yet put on its evidence when the State's case was reopened. No abuse of the trial court's discretion is shown. Colston v. State, 57 Ala.App. 4, 325 So.2d 520 (1975), cert. denied, 295 Ala. 398, 325 So.2d 531.

VI
The appellant's refused charges (none of which were numbered) were either affirmative in nature, covered in the court's oral charge or other given charges, or were not proper statements of law. Title 7, § 273, Code of Alabama 1940; Harvey v. State, Ala.Cr.App., 341 So.2d 187 (1977).
AFFIRMED.
All the Judges concur.