TYSON, Judge.
Willie Arthur Sullen was indicted by the Mobile County Grand Jury for “assault in the first degree” in violation of § 13A-6-20, Code of Alabama 1975. At trial the jury found appellant “guilty as charged in the indictment.” After this verdict, the prosecution moved for a pre-sentence investigation and hearing and gave notice to the appellant and the trial court that the appellant should be sentenced as a “habitual felony offender.”
Upon completion of the sentencing hearing, where it was revealed that the appellant had four previous burglary convictions, the trial court sentenced him to life imprisonment.
During the night of August 21, 1980, a burglar entered the home of Ethel Mutch-nick, through an unlocked window, after Ms. Mutchnick had retired for the night. The burglar took, among other things, several checks and a savings certificate made payable to Ms. Mutchnick. Before leaving her home, the burglar attacked and severely beat the 83 year old victim and left her, bleeding profusely, on the floor under a pile of furniture.
The next morning when she regained consciousness, Ms. Mutchnick had just enough strength to make her way outside where she collapsed in the street. She was soon discovered by Mr. Allen Bill and her neighbor, Ms. Lillian Jackson, who attended her until she could be transported to the hospital for treatment. As a result of this brutal attack, Ms. Mutchnick underwent a lengthy period of hospitalization for her facial injuries and a slow recovery process.
During the investigation of this burglary, latent fingerprints were lifted from several pieces of Ms. Mutchnick’s furniture and from the screen removed from the window through which the burglar entered. These latent prints were subsequently compared to the prints taken from several suspects in the case. The comparison by police experts revealed that the latent prints matched those taken from the appellant, Willie Arthur Sullen.
As soon as he could be located, the appellant was arrested for the first degree assault on Ms. Mutchnick.
*905 The subsequent investigation in search for certain items removed from Ms. Mutch-nick’s home led detectives to the appellant’s father, Willie Sullen, Sr., who told them that the appellant had stayed “on and off” with his mother, Ruth Thomas, at her residence. Pursuant to a search warrant obtained for that residence, police detectives executed a search of Ms. Thomas’ house and found several of the items taken from Ms. Mutchnick’s home, including the four checks and the savings certificate made payable to Ms. Mutchnick.
The appellant presented no evidence in his behalf at trial.
Since the victim, Ms. Mutchnick, could not identify her assailant, appellant’s conviction was largely based upon the fingerprint identification of appellant and the evidence obtained in the search of the home of Sullen’s mother.
During the' trial appellant’s counsel vigorously cross-examined the prosecution’s fingerprint expert and clearly contested the search warrant, the admissibility of the fruits of the search, the trial court’s refusal of appellant’s requested jury charges, and the timeliness of the notice of the prosecution’s intent to have appellant sentenced as a “habitual felony offender.”
I
The major issue raised on appeal is whether or not the appellant had “standing” to contest the search of his mother’s residence. The basis of appellant’s argument is that he stayed at his mother’s home often enough to be able to contest the validity of the search warrant on the grounds that the supporting affidavit was based on uncorroborated hearsay from a source not verified as “reliable.” Appellant, therefore, asserts that he had “standing”, that the search warrant was illegal, and that the trial court erred in denying his “motion to suppress” the warrant and the “fruits” of this alleged illegal search.
During the hearing on appellant’s “motion to suppress” the appellant, after inquiry by his own counsel, stated that he resided at “1563 Beach.” (R. 140). Appellant’s counsel then attempted to impeach his own witness by soliciting testimony from appellant that he had often stayed with his mother at 558 Wisconsin Avenue, the residence covered by the search warrant. Pursuant to the prosecution’s timely objection, no further testimony was permitted regarding the amount of time appellant spent at his mother’s home.
The modern liberalization of the rule in Alabama regarding “standing” to contest an allegedly illegal search and seizure was recently discussed in Waters v. State, 360 So.2d 347 (Ala.Cr.App.), cert. denied, 360 So.2d 358 (Ala.1978). In that case this court recognized that although the general rule that “Fourth Amendment rights are personal in nature and may be asserted only by those whose own protection has been infringed by the search and seizure” is still valid, a defendant need no longer “establish that he was the owner or possessor of the seized property or that he had a possessory interest in the premises searched.” Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Waters, supra.
However, to take advantage of this liberalized “standing” (narrowed considerably by more recent Supreme Court decisions)[1] a defendant must either be charged with a “possession” crime or be “legitimately on the premises” when the search occurs. Neither of these requirements are met in the instant case. The appellant here was charged with “first de *906 gree assault.” Possession of the evidence seized at his mother’s residence, the stolen checks and savings certificate, was not an essential element of the crime charged so as to create for the appellant a possessory interest in the property seized. Furthermore, the appellant had already been arrested at the time of the search. He was definitely not “on the premises” when his mother’s residence was searched pursuant to the allegedly illegal warrant.
Moreover, for aught that appears in the record before us, appellant’s mother, Ruth Thomas, had the sole possessory interest in her residence and consented to the search of her home, including the room or rooms in which the appellant had recently spent the night. Such consent might well have vitiated the requirement of a warrant.
For the foregoing reasons, we hold that appellant lacked “standing” to contest the legality of the search warrant and therefore that there was no error by the trial court in denying appellant’s motion to suppress the warrant or its “fruits.” Cross v. State, 351 So.2d 698 (Ala.Cr.App.1977); Johnson v. State, 353 So.2d 62 (Ala.Cr.App.1977); McGee v. State, 383 So.2d 881 (Ala.Cr.App.), cert. denied, 383 So.2d 884 (Ala.1980).
Since the appellant lacked “standing” to contest the warrant we need not reach the issue concerning the sufficiency of the affidavit.
II
Appellant further contends that the trial court erred in denying his seven requested written jury charges. (R.ll—14). However, in brief appellant concedes that charges two through seven were covered in the trial court’s oral charge.
We have reviewed the remaining refused charges and the trial court’s oral charge and have reached the conclusion that the pertinent and correct statements of law expressed not only in charges two through seven, but also in charge one were “substantially and fairly” covered by the trial court’s oral charge. (R. 169-178). Section 12-16-13, Code of Alabama 1975, Ball v. State, 51 Ala.App. 270, 284 So.2d 296 (1973); Watkins v. State, 357 So.2d 156 (Ala.Cr.App.), cert. denied, 357 So.2d 161 (Ala.1977). Therefore, there was no error in the refusal of these charges.
Ill
Appellants final assertion is that he had an absolute right to be informed, prior to the trial on the substantive charge, of the prosecution’s intention to have him sentenced, if convicted, as a “habitual felony offender.”
There is no merit in this contention in light of our recent decisions which specify that there is no pre-trial notice requirement. Holley v. State, 397 So.2d 211 (Ala.Cr.App.), cert. denied, 397 So.2d 216 (Ala.1981); Johnson v. State, 398 So.2d 393 (Ala.Cr.App.1981); Smith v. State, 401 So.2d 251 (Ala.Cr.App.1981); Holsclaw v. State, 406 So.2d 1019 (Ala.Cr.App.1981).
For the foregoing reasons, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs in result only.

. See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) and United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547. 65 L.Ed.2d 619 (1980) which Overrule the “automatic standing” aspect of the Jones rule in favor of a more flexible rule granting “standing” only to those who establish a “legitimate expectation of privacy” in the area of the search. Rakas and Salvucci require more than a mere showing of a “possession” charge or that the defendant was “legitimately on the premises.” In the instant case even these threshold requirements were not met. Consequently, appellant would not have satisfied even the broad “automatic standing” rule of Jones, much less the narrower form of the rule as qualified by Rakas and Salvucci.