The appellant, Michael Robert Meeks, was convicted of distribution of a controlled substance, a violation of §13A-12-211, Ala. Code, 1975. The appellant stipulated that the sale occurred within three miles of a school and the appellant was sentenced to only five years' imprisonment pursuant to the mandatory enhancement provision in § 13A-12-250, Ala. Code 1975. C.R.
Although the appellant did not raise the issue on appeal, we conclude that the appellant's sentence does not conform to the law. Unlawful distribution of a controlled substance is a Class B felony. The order does not reflect that the appellant received a sentence for his conviction of a Class B felony. The sentence for a Class B felony "shall be for a definite term of imprisonment . . . not more than 20 years or less than 2 years." § 13A-5-6(a)(2), Ala. Code 1975. " 'Application of both §§ 13A-12-250 and 13A-12-270 is mandatory. . . . Both statutes contain the language "in addition to any penalties heretofore or hereafter provided by law." Therefore, these additional penalties must be added to any other penalty imposed when the *Page 61 
requisite proof is given.' " Ford v. State, 645 So.2d 317, 319
(Ala.Cr.App. 1994), quoting Cunny v. State, 629 So.2d 693, 696
(Ala.Cr.App. 1993) (citation and emphasis omitted). "[T]he legislature did intend for an extra five years to be 'added to' or 'tacked on' to the existing sentence." Scott v. State,627 So.2d 1131, 1133 (Ala.Cr.App. 1993), quoting Dixon v. State,572 So.2d 512, 513-14 (Ala.Cr.App. 1990).
The shortest possible sentence allowed by law under the facts of this case is seven years. This represents a two-year sentence for the underlying conviction and a five-year mandatory sentence required under § 13A-12-250. However, the trial court may suspend the two-year sentence, leaving only the five-year mandatory sentence. Nevertheless, the sentence for the underlying offense must be implemented. Additionally, "the enhanced sentence [may not] be served concurrently with the base sentence." Scott, supra. We must remand the case for the trial court to sentence the appellant as contemplated by §13A-12-250, Ala. Code 1975.
The two issues raised by the appellant on appeal are without merit. The appellant contends that the trial court erred in denying his motion to dismiss the case for failure to prove that venue was proper in Jefferson County. The motion was made after the State rested its case. The appellant argues that the trial court should have granted his motion and should not have allowed the State to reopen its case and recall a witness to testify as to venue. "The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe." § 15-14-4, Ala. Code 1975; Cross v. State, 351 So.2d 698, 700 (Ala.Cr.App. 1977) ("The trial court has discretion to allow the State to reopen its case at any time prior to the conclusion of final arguments"). Here as in Cross supra, "[f]inal arguments had not commenced, and the defense had not yet put on its evidence when the State's case was reopened." Therefore, as in Cross, we can find no abuse of discretion in allowing the State to reopen its case to put on evidence that venue was proper in Jefferson County.
The appellant contends that the trial court erred in denying his motion for a new trial because, he says, the trial court erroneously refused to accept the plea agreement reached before the trial commenced. The appellant's motion for a new trial consisted of bare allegations that the trial court had erred. "Error may not be predicated upon the overruling of a motion for new trial where there was no evidence offered in support of the motion." Britain v. State, 518 So.2d 198, 203 (Ala.Cr.App. 1987), cert. denied, 486 U.S. 1008, 108 S.Ct. 1736,100 L.Ed.2d 199 (1988). We find no error with the trial court's ruling. Additionally, "[t]here is . . . no absolute right to have a guilty plea accepted. . . . even if the parties had arrived at a plea bargain." Swann v. City of Huntsville, 455 So.2d 944,948 (Ala.Cr.App. 1984).
This case is remanded to the circuit court so it can hold a new sentencing hearing. Due return should be filed with this court no later than 63 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On April 18, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.