Jerome O. Gamble was convicted of the unlawful sale of a controlled substance in violation of § 13A-12-211, Ala. Code 1975. His 15-year sentence included enhancement under the Habitual Felony Offender Act (HFOA) and under § 13A-12-250 and § 13A-12-270, Ala. Code 1975, which provided for an additional sentence of 5 years if the sale took place within 3 miles of a school or a public housing facility, respectively. He was ordered to pay a $2000 fine, $50 to the crime victims compensation fund, $40 in restitution, court costs, and attorney fees.
 I.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal made at the close of the State's case. The only ground Gamble offered in support of his motion was that "the State has not shown any distribution, sale, or give away of any controlled substance by the defendant." R. 42. Although the State alleged otherwise, this allegation preserved the sufficiency of the evidence issue for appellate review because it was in essence an objection to the State's failure to prove a prima facie case. *Page 979 
To prove a prima facie case in a criminal prosecution, the State must "fulfill its duty of proving the elements of the offense so that the jury may be allowed to consider its case."Eldridge v. State, 415 So.2d 1190, 1194 (Ala.Cr.App. 1982). The only element required to prove the offense of unlawful distribution of a controlled substance is proof that the defendant either authorized, sold, furnished, gave away, manufactured, delivered, or distributed a controlled substance. § 13A-12-211(a), Ala. Code 1975. The jury found that Gamble had sold a controlled substance. The objection, "the State has not shown any distribution, sale, or give away of any controlled substance by the defendant," sufficiently challenged the State's evidence establishing this fact.
Additionally, the trial court surely understood defense counsel's objection to be a challenge to the State's failure to prove a prima facie case. When the trial court understands the basis for defense counsel's objection, a reviewing court should not be "too strict in its application of the waiver principle."Ex parte Webb, 586 So.2d 954, 956 (Ala. 1991).
"A person commits the crime of unlawful distribution of a controlled substance if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers, or distributes a controlled substance. . . ." § 13A-12-211(a), Ala. Code 1975. Tyrone White, an officer with the Auburn Police Department, testified that he participated with the Alexander City Police Department and the Tallapoosa County Sheriff's Department in an undercover drug operation. As part of that operation, he was to purchase illegal drugs in Alex City. Before the purchase, he was wired with an audio transmitter and a recorder, and a video system was installed in his vehicle. Eventually he drove up to a group of individuals who were standing in the front yard of a residence on F Street. White stated that Gamble started to walk toward his vehicle. R. 26. White related the following events:
 "I called Mr. Gamble over to the vehicle and asked him where could I purchase two $20 rocks of crack cocaine. . . . He immediately said he could get it from one of the guys standing back in the yard. . . . He gave me . . . a homemade crack pipe to hold while he went to purchase the crack from somebody standing in the yard. I gave him two $20 bills and he went to purchase the crack. . . . Shortly after he went over near [a] trailer, not 10 or 15 feet away, and spoke with somebody there. They conversed for a few minutes. Then he came to the truck shortly afterwards with two crack rocks of cocaine. . . . He gave me two $20 crack rocks and I gave him the $40 and gave him his homemade crack pipe back. . . . At that point he began to beg for some of the crack cocaine, physically grabbed my arm, and demanded I give him some of the crack for his service. I told him it did not work like that. It was just enough for me. I couldn't do that. And, he continued to ask for some, beg for some of it, in the end I had to tell him to let my arm go, physically jerk away from him, to get my arm away with from him. . . . He said he lived up the road on the left-hand side. And, anytime I wanted to come back, if I needed some marijuana or anything else, if I needed something just deal with him, not to deal with anybody else. Also he told me he lived in a house on the left-hand side of the road."
R. 19-21.
The jury found Gamble guilty of "the sale of cocaine." R. 71. Sufficient evidence was presented from which the jury could infer that the appellant was selling a controlled substance for another seller with whom he was associated. See Hemphill v.State, 669 So.2d 1020 (Ala.Cr.App. 1995). The trial court correctly denied Gamble's motion for a judgment of acquittal and allowed the case to be presented to the jury.
 II.
The State argues that the appellant's sentence was improper. The sentencing order reflects that the trial court sentenced Gamble to 15 years' imprisonment after treating Gamble as a habitual felony offender with one prior felony conviction, and after applying an "enhancement" because the sale occurred within 3 miles of a school and a *Page 980 
public housing project. C.R. 35. The trial court denied probation. C.R. 36. It appears that the trial court failed to impose the minimum base sentence of 10 years required if both § 13A-12-250 and § 13A-12-270, Ala. Code 1975, are applied. Unlawful distribution of a controlled substance is a Class B felony. Gamble admitted that he had one prior felony conviction that could be used to enhance his sentence under the HFOA. One prior felony conviction elevates a Class B felony to a Class A felony. § 13A-5-9(a)(2), Ala. Code 1975. The minimum sentence for a Class A felony is 10 years. § 13A-5-6(a)(1), Ala. Code 1975. The 10-year minimum sentence in this case should have been enhanced by the provisions found in § 13A-12-250 and §13A-12-270. Section 13A-12-250 provides a penalty of 5 years' incarceration in addition to any other penalties when the unlawful sale occurred within 3 miles of a school. Section 13A12-270 provides a penalty of 5 years' incarceration in addition to any other penalties when the unlawful sale occurred within 3 miles of a public housing project. Application of both sections is mandatory. Cunny v. State, 629 So.2d 693
(Ala.Cr.App. 1993). Thus, Gamble's minimum sentence should have been 20 years' imprisonment.
The sentencing order does not reflect how the trial court arrived at the 15-year sentence. It should be clear from the sentencing order that a defendant received the proper base sentence and the proper enhancements. It is not clear in this case. The transcript of the sentencing hearing does not clarify the trial court's intent in imposing the present sentence. Therefore, we must remand this case with instructions to the trial court to amend its sentencing order to reflect a proper sentence in accordance with this opinion.
The trial court correctly denied Gamble's motion for a judgment of acquittal but perhaps sentenced Gamble incorrectly. This case is remanded for sentencing in conformity with the above opinion. A return to remand shall be filed with this court within 63 days of the date of this opinion. The return to remand shall include the amended sentencing order and a transcript of any remand proceedings conducted by the trial court.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCE.*
All the Judges concur.
* Note from the Reporter of Decisions: On June 20, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On that same day the Court, "on rehearing ex mero motu," made corrections in its April 18, 1997, opinion.