The appellant, Karla P. Smith, was convicted of trafficking in cocaine, § 13A-12-231(2), Code of Alabama 1975, and was sentenced to serve 10 years in prison. That sentence was split and she was ordered to serve 3 years in prison and 2 years on probation. The appellant was also fined $25,000.
At the close of the State's evidence, the appellant made a motion for a judgment of acquittal. The appellant also filed a motion for a new trial, claiming that the State failed to prove a prima facie case of trafficking. Both motions were denied. This appeal followed. *Page 905 
The evidence showed that, on October 17, 1995, the appellant paged Detective Bemis, an undercover narcotics agent, who had been trying to buy drugs from the appellant. When Detective Bemis telephoned the appellant in response to the page, she asked him how much he wanted to spend. Detective Bemis told her he wanted to spend $1,500, but he would not be able to do so until the next day. On the following day he telephoned the appellant and told her that he was ready to buy. The appellant told him to come by her apartment any time before 3:00 p.m. and that "it [the cocaine] is here." Detective Bemis arrived at the appellant's apartment around 2:19 p.m. She took Detective Bemis to a back bedroom, where she pulled a gray strongbox from underneath the bed, took a bag of what appeared to be crack cocaine from the box, and gave it to Detective Bemis. She then told him she would have to call "Brad" for the rest of the crack cocaine. The appellant then made a telephone call and Bradstreet Norris, a codefendant, arrived around 2:46 p.m. After Norris arrived, he removed a bag of cocaine from the pocket of his pants and told Detective Bemis that it was 14. Detective Bemis testified that he understood that to mean that the cocaine in the bag weighed 14 grams. While in the apartment, Detective Bemis weighed the two bags on his scale, and the combined weight of the bags was 25 grams. Norris told the detective to give him $1,000 for the 25 grams, but Detective Bemis told him that he wanted to spend the entire $1,500. Norris then made a telephone call. Around 2:55 p.m. Albert Cunningham arrived and pulled a bag containing a white substance from the crotch of his pants and handed it to Norris. Sometime between the time of the phone call and the time Albert Cunningham arrived, Norris took possession of the two initial bags of the white substance. Detective Bemis could not remember whether or not they had been removed from the table on which they had been placed. Norris then took Cunningham's bag and one of the first two bags and put them on the scale. The two bags weighed 36 grams, and Detective Bemis gave Norris the $1,500 and left.
Mike Sparks, the forensic pathologist, testified that the substance in the two bags purchased by Detective Bemis was cocaine. Furthermore, Mr. Sparks testified that the weight of the material, without the plastic bags, was 36.1 grams.
 I.
First, the appellant argues that there was insufficient evidence for a conviction of trafficking in cocaine. We disagree.
A person commits the crime of trafficking in cocaine if he or she "knowingly sells, manufactures, delivers or brings into this state, or . . . is knowingly in actual or constructive possession of, 28 grams or more of cocaine or any mixture containing cocaine." § 13A-12-231(2), Code of Alabama 1975. The appellant argues that the State failed to present sufficient evidence to convict her of trafficking because the State could not show that one of the bags sold to Detective Bemis was the bag that she initially gave to him.
When reviewing the sufficiency of the evidence, this court must view the evidence in a light most favorable to the State and must determine whether there was evidence "from which the jury could by fair inference find the defendant guilty beyond a reasonable doubt." Hale v. State, 654 So.2d 83 (Ala.Cr.App. 1994).
The State proceeded on a theory of complicity. Section13A-2-23, Code of Alabama 1975, provides:
 "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
 "(1) He procures, induces or causes such other person to commit the offense; or
 "(2) He aids or abets such other person in committing the offense."
In this case, the evidence showed that the appellant initiated contact with the undercover agent by paging him and then, when he responded, asking him how much he wanted to spend. When Detective Bemis telephoned the appellant the following day, she set up a time for him to come to her apartment and told him "it is here." The transaction took place at the appellant's apartment and in her presence. The evidence *Page 906 
also showed that she presented the officer with a bag containing a substance that she represented as crack cocaine. Furthermore, the appellant placed a phone call and, shortly thereafter, Norris arrived with more crack cocaine.
Based on the foregoing, the State presented sufficient evidence that the appellant was guilty of trafficking in cocaine.
 II.
Next, the appellant argues that her sentence constituted cruel and unusual punishment, in violation of her Eighth Amendment rights. This argument is without merit.
Trafficking in cocaine is a Class A felony, which is punishable by "life or not more than 99 years or less than 10 years." § 13A-5-6(a)(1), Code of Alabama 1975. The appellant was convicted of violating § 13A-12-231(2). Under §13A-12-231(2)(a), the accused must serve a minimum of three years in prison. See Rokitski v. State, 715 So.2d 859 at 863 (Ala.Cr.App. 1997). While the trafficking statute does not set a maximum sentence, the Alabama Supreme Court held that it "may be reasonably construed to validly authorize a maximum sentence of life imprisonment." Ex parte Robinson, 474 So.2d 685, 686
(Ala. 1985) (citations omitted).[1] The appellant was sentenced to a 10-year split sentence, and was ordered to serve three years and to spend two years on probation.
The appellant's prison sentence falls well within the statutory range of punishment. As a matter of fact, she received the minimum sentence possible under the trafficking statute. Because the appellant's sentence does not exceed the statutory limits, it does not constitute cruel and unusual punishment. See Worthington v. State, 652 So.2d 790
(Ala.Cr.App. 1994).
Section 13A-12-231(2)(a) also provides that the mandatory fine for trafficking in cocaine when the amount is between 28 and 500 grams is $50,000. The record reveals that the appellant was fined only $25,000. Therefore, the appellant's fine was improper under § 13A-12-231(2)(a).
This case is remanded so that the trial court may impose a fine consistent with our holding today. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS.*
All judges concur.
[1] This case was decided under with § 20-2-80, Code of Alabama
1975, the statute addressing trafficking in controlled substances before the enactment of § 13A-12-231, Code ofAlabama 1975, in 1988. See Chevere v. State, 607 So.2d 361 n. 1 (Ala.Cr.App. 1992).
* Note from the reporter of decisions: On January 30, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 6, 1998, that court denied rehearing, without opinion. On May 22, 1998, the Supreme Court, denied certiorari review, no opinion (1970989).