BASCHAB, Judge.
The appellant, Vanessa Q. May, pled guilty to three counts of attempted unlawful possession of a controlled substance, a violation of § 13A-12-203 and § 13A-12-212, Ala.Code 1975.[1] The trial court sentenced her to 10 years imprisonment on each count. It then split the sentences and ordered the appellant to serve three years in prison followed by three years on supervised probation. The trial court also fined the appellant $500 on each count.
On appeal, counsel filed a motion to withdraw and a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there are no meritorious issues that warrant appellate review. Counsel stated that he provided the appellant a copy of the brief, the court file, and the official transcript. The appellant did not file any pro se issues for consideration. We agree that no meritorious issues have been raised on the appellant’s behalf. Therefore, we affirm the appellant’s convictions for attempted possession of a controlled substance. However, our examination of the record reveals numerous errors that occurred during sentencing.
First, the trial court imposed a fine of only $500 on each count. The Demand Reduction Assessment Act, § 13A-12-281(a), Ala.Code 1975, mandates a fine of $1,000 for each conviction under § 13A-12-203 and § 13A-12-212, Ala.Code 1975.[2] Therefore, the appellant’s fine was improper under § 13A-12-281.
Also, the record contains several discrepancies. First, the guilty plea proceedings show that the appellant was indicted for and pled guilty to the attempted unlawful possession of a controlled substance. However, the ease action summary sheets in cases CC-98-238 and CC-98-239 reflect that the appellant pled guilty to unlawful possession of a controlled substance. Second, the sentencing hearing shows that the trial court ordered a split sentence in each case. However, the case action summary sheet for case CC-98-239 does not reflect that the sentences on those counts were split. On remand, the trial court shall correct the record to reflect the proper offenses to which the appellant pled and the actual sentences imposed in CC-98-239.
Based on the foregoing, we remand this cause to the trial court for resentencing con *363 sistent with this opinion. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court and a copy of the corrected record.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS FOR RESENTENCING*
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.

. The appellant pled guilty under two separate indictments — a one-count indictment in case CC-98-238 and a two-count indictment in case CC-98-239.

. Section 13A-12-281, Ala.Code 1975, mandates a fine of $1,000 for first offenders and $2,000 for second and subsequent offenders. Because the State did not prove any prior offenses, $1,000 is the appropriate fine for each count.

 Note from the reporter of decisions: On February 5, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.