The appellant, Willie Lee Palmer, was indicted for distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975. On April 13, 1998, Palmer entered a guilty plea. The trial court *Page 921 
sentenced him to 10 years' imprisonment. In addition, pursuant to § 13A-12-250, Ala. Code 1975, and § 13A-12-270, Ala. Code 1975, Palmer's sentence was enhanced by two mandatory five-year sentences. The trial court subsequently suspended Palmer's underlying 10-year sentence and ordered that he serve 1 year on probation. However, Palmer was ordered to serve the two mandatory 5-year sentences — for a total of 10 years.
 I.
Palmer now contends on appeal that he was not properly informed of the consequences of his guilty plea and, thus, that the trial court erroneously denied his motion to set aside his guilty plea. We disagree.
Before a trial court accepts a guilty plea, the defendant "must be informed of the maximum and minimum possible sentences" and of any applicable enhancements. Kennedy v. State, 698 So.2d 1174,1175 (Ala.Cr.App. 1997). This court has also held that
 "whether to allow a defendant to withdraw his guilty plea rests within the sound discretion of the trial court, and this Court will not overrule that decision on appeal absent an abuse of discretion."
Thacker v. State, 703 So.2d 1023, 1026 (Ala.Cr.App. 1997) (citingAlford v. State, 651 So.2d 1109 (Ala.Cr.App. 1994)); Reed v.State, 691 So.2d 463, 464 (Ala.Cr.App. 1996).
The colloquy between the trial court and Palmer, upon the entering of the guilty plea, reveals that Palmer was informed as to his right to a trial by jury, as well as the consequences of a guilty plea in regard to his particular circumstances. (R. 3.) Regarding Palmer's sentence, we note that, during the colloquy, the following transpired:
 "THE COURT: I have to sentence you to prison because this incident happened within three miles of a school and within three miles of a housing project so, even though you can get probation on the underlying 10 year sentence, I have to add 5 years for the school and 5 for the project; so, that is a 10 year sentence, and you will have to go to prison and build your time and get out; do you understand that?"
"[APPELLANT]: Yes, sir."
(R. 3-4.)
The record also contains an executed explanation of rights form, which contained the sentence applicable to the appellant. The trial court questioned Palmer regarding this form. He acknowledged signing the form and stated that he did not have any questions regarding his rights as explained on the form. (R.3.)
In reviewing the colloquy between the trial court and Palmer when he entered his guilty plea, along with the explanation of rights form he signed, we find that Palmer's plea was entered intelligently, knowingly and voluntarily. See Ireland v. State,250 So.2d 602 (Ala.Cr.App. 1971). Palmer clearly understood the ramifications of entering a guilty plea. Boykin v. Alabama,395 U.S. 238 (1968). As long as the trial court complies with the requirements of Boykin, a defendant seeking to withdraw his plea of guilty carries the burden of establishing that his plea was not valid. Palmer has failed to meet his burden of proof in establishing that the plea was not valid. (R. 3-4.) Accordingly, we find no abuse of discretion by the trial court in denying Palmer's motion to set aside guilty plea.
 II.
The Demand Reduction Assessment Act, § 13A-12-281, Ala. Code 1975, mandates an additional fine of $1,000 for first-time offenders and $2,000 for second-time and subsequent offenders for each conviction under § 13A-12-231, Ala. Code 1975. The record does not indicate that the trial court fined the appellant in accordance with the Demand Reduction Assessment *Page 922 
Act. Therefore, this case is remanded so that the trial court may impose this mandatory fine. See Smith v. State, 715 So.2d 904
(Ala.Cr.App. 1997); Baker v. State, [Ms. CR-97-0731, August 28, 1998]736 So.2d 1133 (Ala.Cr.App. 1998). The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
AFFIRMED AS TO CONVICTION AND SENTENCE; REMANDED WITH DIRECTIONS TO IMPOSE FINE.*
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
* Note from the reporter of decisions: On November 12, 1999, on return to remand, the Court of Criminal Appeals affirmed "the judgment of the trial court," stating in an unpublished memorandum: "The trial court has complied with our directions and on return to remand has filed an order containing a written statement that it ordered the appellant to pay a fine of `$1,000 as required by law.' After reviewing the record, we find the trial court's actions were proper and supported by the record."