The appellant, Walter Lee Arrington, was convicted of unlawful possession of a controlled substance, a violation of §13A-12-212, Ala. Code 1975. Because the appellant had three prior felony convictions, he was sentenced as a habitual felony offender to twenty years' imprisonment.
The state's evidence established the following. Montgomery Police Officer F. Middleton, testified that, after learning from an informant that there was drug activity going on in a certain house, he acquired a search warrant for that house. Middleton stated that, when he and several other police officers executed the search warrant, the appellant and three other men were inside the house. According to Middleton, several items, which appeared to be rocks of crack cocaine, were found inside the tank of a toilet in the bathroom. Arnold Mitchell, a forensic scientist, testified that the items found in the toilet tank contained 3.9 grams of crack cocaine. Middleton testified that $1,661 was found in the appellant's pockets. Middleton stated *Page 485 
that the appellant told him that he lived in the house.
Veronica Flowers, the appellant's wife, testified that the appellant did not live in the house that was searched, but that he lived with her. She stated that the appellant's grandmother lived next door to the house where the cocaine was found.
Frederick Jackson testified that he arrived at the house approximately three hours before the police executed the search warrant. Jackson stated that he visited with friends at the house, and that he smoked marijuana and crack cocaine. According to Jackson, the appellant arrived at the house shortly before the police arrived. Jackson testified that the appellant did not have knowledge of the presence of the crack cocaine in the house, and that the cocaine belonged to a man named "Boones."
 I.
The appellant contends that the trial court abused its discretion in denying his motion for a new trial, made on the grounds of newly discovered evidence. Specifically, he argues that he is entitled to a new trial, because, he says, he discovered a witness who would testify that the appellant did not have knowledge of the cocaine found inside the house, and that the appellant was not in actual or constructive possession of cocaine on the day the search was conducted.
"`A defendant is not entitled to a hearing on a motion for new trial without a special basis therefor.'" Clark v. State,621 So.2d 309, 327 (Ala.Crim.App. 1992), quoting Smelcher v. State,520 So.2d 229, 232 (Ala.Crim.App. 1987). "A new trial will not be granted on the basis of evidence, even newly discovered, which would be merely cumulative to that presented at trial." Steele v.State, 512 So.2d 124, 128 (Ala.Crim.App. 1986). In Hale v. State,673 So.2d 803 (Ala.Crim.App. 1995), this Court stated:
 "`The granting or denial of a new trial on the ground of newly discovered evidence is a decision resting largely within the sound discretion of the trial court and the decision will not be reversed on appeal unless it is clearly shown that the trial judge abused his discretion. Snider v. State, 473 So.2d 579, 580 (Ala.Crim.App. 1985). . . . In order to establish the right to a new trial on the grounds of newly discovered evidence, appellant must show that the evidence has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, that it is not merely cumulative or impeaching, and that the evidence is such that it will probably change the result if a new trial is granted. Baker v. State, 477 So.2d 496, 504 (Ala.Crim.App. 1985), cert. denied, 475 U.S. 1029, 106 S.Ct. 1231, 89 L.Ed.2d 340 (1986) [overruled on other grounds, 562 So.2d 560
(Ala. 1989)]. . . .'"
Hale v. State, 673 So.2d at 811 (some citations omitted), quotingBrownlee v. State, 545 So.2d 151 (Ala.Crim.App. 1988), aff'd,545 So.2d 166 (Ala.), cert. denied, 493 U.S. 874, 110 S.Ct. 208,107 L.Ed.2d 161 (1989).
During the sentencing hearing in this case, defense counsel moved for a new trial, stating that during the preliminary hearings, a man known as "Boon," who was present when the police executed the search warrant, was prepared to testify at the hearing that he was in actual possession of the cocaine on the day of the search, and that the appellant never had knowledge of the presence of the cocaine in the house. Defense counsel at sentencing stated that the trial court and the appellant's former defense counsel did not permit "Boon" to testify at the hearing because he was not represented by an attorney. According to defense counsel at sentencing, the appellant mistakenly believed *Page 486 
that the witness's real name was Ernest Molton, and after the preliminary hearing, the defense was unable to locate Molton.[1] Defense counsel at sentencing stated that, after the guilt phase of trial and before sentencing, the appellant discovered that the witness's real name was Eric Molton, and also learned that he was imprisoned in the Montgomery County Detention Facility. In the motion for a new trial, defense counsel attached an affidavit from Veronica Flowers, stating that Eric Molton, also known as "Boon," had told several people that he would testify at trial that the appellant did not possess the crack cocaine. The trial court denied the motion for a new trial.
Given that the appellant knew of the existence of the witness before trial, the evidence cannot be categorized as newly discovered. If the defense believed that Molton was an important witness, defense counsel could have filed a motion for a continuance before trial in order to have more time to locate Molton. See Smith v. State, 698 So.2d 189, 205 (Ala.Crim.App. 1996), aff'd, 698 So.2d 219 (Ala.), cert. denied, 522 U.S. 957,118 S.Ct. 385, 139 L.Ed.2d 300 (1997). Moreover, Molton's expected testimony was cumulative to Frederick Jackson's testimony that the cocaine belonged to a man named "Boones." Thus, the trial court did not abuse its discretion in denying the motion for a new trial.
 II.
The Demand Reduction Assessment Act, § 13A-12-281, Ala. Code 1975, Ala. Code 1975, mandates an additional fine of $1,000 for first-time offenders and $2,000 for second-time and subsequent offenders for each conviction under § 13A-12-212, Ala. Code 1975. The record indicates that the trial court ordered the appellant "to pay a fine of $10,000, $1,000 to [the Alabama Crime] Victims Compensation Fund, and Court Costs." (C. 2.) The record, however, does not indicate that the trial court imposed the $2,000 fine in accordance with the Demand Reduction Assessment Act.
Additionally, § 15-23-17(b), Ala. Code 1975, provides that a defendant convicted of a felony must pay, in addition to any other fines a fine of not less than $50 and not more than $10,000 as a victim compensation assessment. The record indicates that the $1,000 fine imposed by the trial court was proper. However, we are unable to determine from the court's order whether the trial court intended to impose a $10,000 fine and also to impose an additional fine of $1,000 for the Alabama crime victims compensation fund, or whether the trial court intended that the $1,000 be included as part of the total fine of $10,000. See §15-23-17(b), Ala. Code 1975 ("[I]n addition to the imposition of any other costs, penalties, or fines imposed pursuant to law, any person convicted . . . to a felony . . . shall be ordered to pay a victim compensation assessment of not less than fifty dollars ($50), nor more than ten thousand dollars ($10,000). . . .").
Therefore, this case is remanded so that the trial court may impose the fine mandated by the Demand Reduction Assessment Act, and may clarify whether the victim compensation assessment is included in the $10,000 fine or as a separate fine. See Smith v.State, 715 So.2d 904 (Ala.Crim.App. 1997); Palmer v. State,745 So.2d 920 (Ala.Crim.App. 1999); Laster v. State,747 So.2d 359 (Ala.Crim.App. 1999). The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion.
AFFIRMED AS TO CONVICTION AND SENTENCE; REMANDED WITH *Page 487 
DIRECTIONS AS TO FINE.*
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
* Note from the reporter of decisions: On September 24, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On October 22, 1999, that court denied rehearing, without opinion. On January 21, 2000, the Supreme Court denied certiorari review, without opinion (1990231).
[1] Testimony indicated that Molton's nickname was "Boon," "Boones," or "Boom." *Page 488