835 So.2d 234 (2000)
Antonio BONNER
v.
STATE.
CR-99-0615.
Court of Criminal Appeals of Alabama.
August 25, 2000.
Opinion on Return to Remand on Grant of Rehearing September 28, 2001.
*235 Blanchard L. McLeod, Jr., Selma, for appellant.
Bill Pryor, atty. gen., and J. Thomas Leverette, asst. atty. gen., for appellee.
FRY, Judge.
The appellant, Antonio Bonner, was convicted of four counts of the unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. For each conviction, he was sentenced as a habitual felony offender to life imprisonment, with the sentences to run concurrently.[1] In an unpublished memorandum *236 issued today, we affirmed Bonner's convictions. See Bonner v. State (No. CR-99-0615), 814 So.2d 1013 (Ala.Crim.App.2000) (table). In this opinion we address only Bonner's sentencing.
Our review of the record indicates that the trial court did not impose the fines required by the Alabama Demand Reduction Assessment Act. The Alabama Demand Reduction Assessment Act, § 13A-12-281, Ala.Code 1975, mandates an additional fine of $1,000 for first-time offenders and $2,000 for second-time and subsequent offenders for each conviction under § 13A-12-211, Ala.Code 1975.
Although the trial court's sentencing order indicates that the trial court assessed a $1,000 fine, the record does not indicate whether that fine was assessed pursuant to the Alabama Demand Reduction Assessment Act or for some other purpose. Therefore, we remand this case for the trial court to clarify whether the $1,000 fine was assessed pursuant to the Alabama Demand Reduction Assessment Act or was assessed for some other purpose.
Furthermore, the record indicates that the trial court failed to impose the appropriate additional fines in accordance with the Alabama Demand Reduction Assessment Act. As discussed above, because the offense charged in Count I was Bonner's first drug offense, the trial court should have assessed a $1,000 fine in accordance with the Alabama Demand Reduction Assessment Act. Additionally, because the offenses charged in for Counts II, III, and IV were for subsequent drug offenses, Bonner should have been fined $1,000 for each additional conviction. See May v. State, 729 So.2d 362, 363 n. 2 (Ala.Crim.App.1998) (noting that, because the State did not prove any prior offenses, $1,000 for each count is the appropriate fine).
Furthermore, the record indicates that the trial court did not apply the enhancement provisions of § 13A-12-250 and § 13A-12-270, Ala.Code 1975, when it sentenced Bonner.
In Gamble v. State, 699 So.2d 978 (Ala. Crim.App.1997), this Court stated:
"Section 13A-12-250 provides a penalty of 5 years' incarceration in addition to any other penalties when the unlawful sale occurred within 3 miles of a school. Section 13A-12-270 provides a penalty of 5 years' incarceration in addition to any other penalties when the unlawful sale occurred within 3 miles of a public housing project. Application of both sections is mandatory. Cunny v. State, 629 So.2d 693 (Ala.Cr.App.1993)."
699 So.2d at 980. See Wild v. State, 761 So.2d 261 (Ala.Crim.App.1999) ("testimony from an officer who is familiar with the location of the sale is sufficient to establish that the sale occurred within three miles of a school").
Testimony indicated that three of the transactions occurred within or in front of a house on 1508 Mabry Street in Selma. During sentencing, Eddie Cook, a probation officer, testified that he was familiar with the neighborhood where the transactions occurred, and that 1508 Mabry Street is located within three miles of both an elementary school and a housing project. The State's evidence indicates that the first, third, and fourth transactions occurred within three miles of a school and housing project. Thus, the trial court should have enhanced Bonner's sentences *237 for the first, third, and fourth transactions by an additional 10 years' imprisonment.[2]
Therefore, we remand this case so that the trial court may impose the appropriate fines mandated by the Demand Reduction Assessment Act, see May v. State, supra, Smith v. State, 715 So.2d 904 (Ala.Crim.App.1997); Palmer v. State, 745 So.2d 920 (Ala.Crim.App.1999); Laster v. State, 747 So.2d 359 (Ala.Crim.App. 1999). On remand, the trial court shall apply the enhancement provisions of § 13A-12-250 and § 13A-12-270 to each of Bonner's convictions for distribution of a controlled substance.[3] See Gamble v. State, supra. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion.
AFFIRMED BY MEMORANDUM IN PART AS TO CONVICTIONS; REMANDED WITH DIRECTIONS IN PART AS TO SENTENCING.[*]
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

On Application For Rehearing
PER CURIAM.
The unpublished memorandum released on December 15, 2000, is hereby withdrawn, and the following opinion is substituted therefor.
The appellant, Antonio Bonner, was convicted of four counts of the unlawful distribution of a controlled substance, violations of § 13A-12-211, Ala.Code 1975. Bonner was sentenced as a habitual offender to life imprisonment on each count; those sentences were to be served concurrently. On August 25, 2000, we affirmed Bonner's convictions and remanded the case for imposition of the enhancement provisions contained in § 13A-12-250 and § 13A-12-270, Ala.Code 1975. See Bonner v. State, 835 So.2d 234 (Ala.Crim.App. 2000). We further directed the trial court to assess the Demand Reduction Assessment fines on each conviction. See § 13A-12-281, Ala.Code 1975.
When we remanded this case, the United States Supreme Court had recently released its decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In that case, the Supreme Court held that any fact that increases a sentence above the statutory range must be submitted to a jury and proven beyond a reasonable doubt.
On August 31, 2001, this Court first addressed the effect of Apprendi on the enhancement provisions of § 13A-12-250 and § 13A-12-270. See Poole v. State, [Ms. CR-99-1200, August 31, 2001] ___ So.2d ___ (Ala.Crim.App.2001). In Poole, we held that Apprendi applies to § 13A-12-250 and § 13A-12-270, and the failure *238 to submit such an enhancement to the jury will invalidate a sentence if a proper objection is made. After Bonner was resentenced he objected to the newly enhanced sentences based on the holding in Apprendi. For the reasons stated in Apprendi and Poole, Bonner's sentences are due to be set aside. The trial court is directed to resentence Bonner without applying § 13A-12-250 and § 13A-12-270. Due return should be filed in this Court no later than 45 days from the date of this opinion.
APPLICATION GRANTED; UNPUBLISHED MEMORANDUM OF DECEMBER 15, 2000, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur.
NOTES
[1] Bonner was sentenced as a habitual felony offender because he had three prior felony convictions. The record indicates that the three prior convictions were not for drug-related offenses.
[2] The record indicates that the second transaction occurred while "driving around on Sixth Street." (R. 147.) Testimony at the sentencing hearing does not indicate that the location of this sale was within three miles of a school or a housing project; therefore, no sentencing enhancements should apply to the second transaction.
[3] We note that, "[w]hile the enhancement statutes require that different enhancements for a single offense be served consecutively, the consecutive-service provisions of the enhancement statutes do not apply to convictions based on separate offenses." Ex parte Garner, 781 So.2d 253, 255-56 (Ala.2000). "It is within the trial court's discretion to allow sentences imposed for separate offenses to run concurrently when §§ 13A-12-250 and 13A-12-270 apply." Ex parte Garner, supra.
[*] Note from the reporter of decisions: This case will also appear on a table of decisions without opinions.
[*] Note from the reporter of decisions: On November 30, 2001, on return to second remand, the Court of Criminal Appeals affirmed, without opinion. On January 11, 2002, that court denied rehearing, without opinion. On May 17, 2002, the Supreme Court denied certiorari review, without opinion (1010817).