COBB, Judge,
dissenting.
I respectfully dissent from the majority’s decision to remand this case for the trial court to set aside the split portion of the appellant’s sentences.
The holding in Calloway v. State, 860 So.2d 900 (Ala.Crim.App.2002)—that we treat sentences enhanced by §§ 13A-12-250 and -270, Ala.Code 1975, in the aggregate—was made in response to the Legislature’s amendment of the Split Sentence Act, effective May 25, 2000. That amendment allowed enhancements applied pursuant to §§ 13A-12-250 and -270 to be suspended. Because the amendment rendered those enhancements subject to suspension, we began to look at the sentence as an aggregate. Before the amendment, we looked only to the base sentence— separate from the school zone and housing project enhancements—in terms of the appropriateness of suspension, because the enhancements were not subject to suspen *1276 sion. See, e.g., Gamble v. State, 699 So.2d 978 (Ala.Crim.App.1997).[1] However, Trawiek’s offenses were committed before the Split Sentence Act was amended, and his sentences are to be determined by the law in effect at the time of the commission of the offense. Davis v. State, 571 So.2d 1287, 1288 (Ala.Crim.App.1990). See also Wood v. State, 602 So.2d 1195, 1196 (Ala.Crim.App.1992). Therefore, the trial court’s split and suspension of his underlying sentences, without aggregating the enhancements, was proper, because the enhancements, at that time, were mandatory and not subject to suspension. Thus, I do not agree that this cause needs to be remanded for the trial court to set aside the split portion of Trawick’s sentences; his sentences were proper according to the law in effect at the time of the commission of the offenses.

. In fact, until the amendment of the Split Sentence Act, the aggregate-sentence caselaw had applied to good-time calculations, not to the assessment of whether a sentence had been legally split and suspended.