The appellant, Burley Talley, was convicted of first-degree sexual abuse, a violation of § 13A-6-66, Ala. Code 1975. The trial court sentenced him to serve a term of sixty-six months in prison. The appellant filed a motion for a new trial, which the trial court denied. This appeal followed.
The appellant argues that his trial counsel rendered ineffective assistance in numerous instances. He raised several ineffective-assistance-of-counsel allegations in his motion for a new trial and during a resentencing hearing. However, the State did not refute any of the allegations, and the trial court did not make any findings of fact regarding those allegations.
Because the trial court is in the best position to make findings of fact regarding the appellant's ineffective-assistance allegations, we remand this case to that court with instructions that it make specific, written findings of fact as to each of the allegations. See Vinnie v.State, 866 So.2d 1175 (Ala.Crim.App. 2002) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial); Stallings v.State, 793 So.2d 867 (Ala.Crim.App. 2000) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial); Tubbs v.State, 753 So.2d 1209 (Ala.Crim.App. 1999) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial). On remand, the trial court may order the State to respond to the appellant's specific allegations and/or may conduct an evidentiary hearing on those allegations. If the trial court determines that the appellant is entitled to relief, it may order such relief. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court's specific, written findings of fact; a copy of the State's response, if any; and a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH INSTRUCTIONS.* *Page 1049 
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
* Note from the reporter of decisions: On January 25, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 15, 2008, that court denied rehearing, without opinion. On June 13, 2008, the Supreme Court denied certiorari review, without opinion (1070750).