SHAW, Judge.
 

 Stacey Tappan Seamon was convicted of an offense against intellectual property, a violation of § 13A-8-102(b), AIa.Code 1975. Specifically, the indictment charged, in relevant part:
 

 
 *1069
 
 “Stacey Tappan Seamon, alias
 

 “Stacey Seamon, alias
 

 “whose name is otherwise unknown to the Grand Jury, did willfully, knowingly, and without authorization or without reasonable grounds to believe that he had such authorization, destroy, disclose, use or take data, computer programs, or supporting documentation residing or existing internal or external to a computer, computer system, or computer network, the property of Von Gal Corp.[
 
 1
 
 ], causing damage to the said intellectual property in an amount greater than $2,500.00 dollars in violation of section 13A-8-102 of the Code of Alabama ....”
 
 [2]
 

 (C. 5.) The trial court sentenced Seamon to 15 years’ imprisonment; the sentence was split, and Seamon was ordered to serve 3 years in confinement, followed by 5 years on probation. The court also ordered Seamon to pay $24,631.40 in restitution to vonGAL Corporation and its employees.
 

 On appeal, Seamon argues that the trial court erred when it did not conduct an evidentiary hearing on the allegations of ineffective assistance of counsel that he raised in a timely filed motion for a new trial and that the trial court erred when it denied his motion for a new trial because, he says, his trial counsel was ineffective.
 

 In support of the ineffective-assistance-of-counsel claim in his motion for a new trial, Seamon provided two sworn affidavits. One affidavit was from Seamon himself, and in the affidavit Seamon alleged that he had asked his attorney to contact certain witnesses who would have supported his defense but that counsel did not contact any of the witnesses or subpoena them to testify. In the affidavit, Seam-on set out summaries of the testimony he believed each of the 10 witnesses would have provided and explained how the testimony would have contradicted the State’s evidence and/or would have supported his defense. Seamon also alleged in his affidavit that trial counsel’s cross-examination of one of the State’s witnesses, a vonGAL Corporation employee, had been deficient because, he said, counsel could have elicited testimony from the employee that would have established that Seamon had turned his computer off before the time the State alleged he had deleted the information from the computer.
 

 The second affidavit Seamon attached to the motion for a new trial was from a former employee in the engineering department at vonGAL Corporation who had some knowledge of the computer system Seamon used and of the files created by the engineers at vonGAL. The affiant alleged that he would have testified that Seamon did not have sufficient time to delete all of the files the prosecution claimed he had deleted in the length of time the prosecution alleged that Seamon was alone in his office. The State did not refute any of the allegations in the motion, and the trial court summarily denied the motion without making any findings of fact.
 
 [3]
 

 
 *1070
 
 ‘““A defendant is not entitled to a hearing on a motion for new trial without a special basis therefor.” ’
 
 Clark v. State,
 
 621 So.2d 309, 327 (Ala.Crim.App.1992), quoting
 
 Smelcher v. State,
 
 520 So.2d 229, 232 (Ala.Crim.App.1987). See also
 
 Arrington v. State,
 
 757 So.2d 484 (Ala.Crim.App.1999). ‘[B]are allegations that the trial court had erred’ are not sufficient to warrant an evidentiary hearing on a motion for a new trial.
 
 Meeks v. State,
 
 697 So.2d 60, 61 (Ala.Crim.App.1996).”
 

 Washington v. State,
 
 922 So.2d 145, 176-77 (Ala.Crim.App.2005). However, in this case, Seamon made more than just bare allegations. The allegations of ineffective assistance of counsel contained in Seam-on’s motion for a new trial are specific and are supported by evidence presented by way of affidavit that, if true, may entitle Seamon to a new trial. Therefore, Seam-on is entitled to an evidentiary hearing on his motion for a new trial.
 

 Moreover, in denying Seamon’s motion, the trial court did not address any of Seamon’s allegations. In
 
 Talley v. State,
 
 997 So.2d 1047 (Ala.Crim.App.2007), this Court considered a similar case. Talley argued in a motion for a new trial and during a resentencing hearing that trial counsel had been ineffective. As in the case before us, the State did not refute any of the allegations Talley made, and the trial court did not hold a hearing or make any findings of fact regarding Talley’s allegations. This Court stated:
 

 “Because the trial court is in the best position to make findings of fact regarding the appellant’s ineffective-assistance allegations, we remand this case to that court with instructions that it make specific, written findings of fact as to each of the allegations. See
 
 Vinnie v. State,
 
 866 So.2d 1175 (Ala.Crim.App.2002) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial);
 
 Stallings v. State,
 
 793 So.2d 867 (Ala.Crim.App.2000) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial);
 
 Tubbs v. State,
 
 753 So.2d 1209 (Ala.Crim.App.1999) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial).”
 

 997 So.2d at 1048. Likewise, the trial court here is in the best position to address the merits of Seamon’s allegations of ineffective assistance of counsel and to determine whether Seamon is entitled to relief.
 

 Therefore, we remand this case for the trial court to conduct an evidentiary hearing on Seamon’s motion for a new trial and to issue specific findings of fact regarding his allegations of ineffective assistance of counsel. The trial court may grant whatever relief it deems necessary. Due return shall be filed with this Court within 56 days of the date of this opinion, and shall include the trial court’s specific written findings of fact, a transcript of the evidentiary hearing, and any other evidence received or relied on by the court in making its findings.
 

 REMANDED WITH DIRECTIONS.
 

 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
 

 [1]
 

 . The name of the company is presented several different ways throughout the record. For purposes of this opinion, we will use the name as it appears on company documents in the record — vonGAL.
 

 [2]
 

 . At the time of the crime Seamon was an employee of vonGAL Corporation.
 

 [3]
 

 .In his motion for a new trial Seamon also alleged that he was entitled to a new trial because, he said, the State failed to provide sufficient evidence to sustain his conviction, but that claim is deemed abandoned based on Seamon's failure to argue that ground on appeal. See
 
 Staples v. State,
 
 [Ms. CR-05-1923, Aug. 31, 2007] —So.3d —, —n. 1 (Ala.Crim.App.2007).