The appellants, Robert James and Darryl Eugene Smith, were found guilty of robbery in the second degree, in violation of § 13A-8-42, Code of Alabama 1975, for robbing a convenience store clerk. Robert James was sentenced to 20 years' imprisonment and Darryl Smith was sentenced to life in prison.
 I
Appellants Smith and James both argue that the court erred in denying their motions for judgment of acquittal. Specifically, they argue that the state failed to prove the offense by failing to prove the existence of a weapon. Appellant Smith also argues that there was a material variance between the indictment and the proof of the offense. Appellants were indicted under § 13A-8-41, Code of Alabama 1975, which describes robbery in the first degree, and were found guilty of robbery in the second degree, a violation of § 13A-8-42, Code of Alabama 1975.
Section 13A-8-41, Code of Alabama 1975, provides:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43
and he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
"(2) Causes serious physical injury to another.
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed.
 "(c) Robbery in the first degree is a Class A felony."
Robbery in the second degree is defined in § 13A-8-42, Code of Alabama 1975, as follows:
 "(a) A person commits the crime of robbery in the second degree if he violates section 13A-8-43
and he is aided by another person actually present.
 "(b) Robbery in the second degree is a Class B felony."
Section 13A-8-43, Code of Alabama 1975, states:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
 "(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
 "(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.
 "(b) Robbery in the third degree is a Class C felony."
We have often ruled that the presence of a gun at the place and time of the incident need not be proven by the state in order to find a defendant guilty of robbery in the first degree. See Breedlove v. State, 482 So.2d 1277 (Ala.Cr.App. 1985).
As Judge Bowen stated in James v. State, 405 So.2d 71
(Ala.Cr.App. 1981):
 "[A]n accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation." Id. at 73. *Page 564 
The test to determine whether a person reasonably believes that an object is a deadly weapon is a "subjective" one. "It focuses on the 'reaction of the victim to the threats of the robber.' State v. Hopson, 122 Wis.2d 395, 362 N.W.2d 166, 169
(1984)." Breedlove, supra, at 1281. "A victim who is threatened with a supposed weapon which is concealed is put in the same degree of fear and feels as strongly compelled to comply with the robber's demands as a victim who is threatened with a weapon which is openly displayed." Breedlove, at 1281.
Here, the victim of the robbery testified that "he had his hand in his pocket and gestured as if he had a pistol." She also stated that one of the robbers said "come here . . . this is a hold-up. I got a pistol." From the facts, the court could have found both appellants guilty of robbery in the first degree. The court did find each appellant guilty of robbery in the second degree. This would normally not be cause for complaint from an appellant, but appellant Smith states that he could not be convicted of robbery in the second degree since it is not what was charged in the indictment. A defendant may be convicted of a lesser included offense of the offense charged in the indictment. See, Doss v. State, 220 Ala. 30, 123 So. 231
(1929).
As appellant Smith correctly states, "to be a lesser included offense of one charged in an indictment, the lesser offense must be one that is necessarily included, in all of its essential elements, in the greater offense charged." Payne v.State, 391 So.2d 140, 143 (Ala.Cr.App.), writ denied,391 So.2d 146 (Ala. 1980), or unless it is so declared by statute.
Generally, robbery in the second degree is not a lesser included offense of robbery in the first degree. See, Lidge v.State, 419 So.2d 610 (Ala.Cr.App.), writ denied, 419 So.2d 616
(Ala. 1982). However, in a limited circumstance, robbery in the second degree can become a lesser included offense. As Judge Bowen stated in Lidge, supra, at 613:
 "Robbery in the second degree is not a lesser included offense of robbery in the first degree unless the robber is aided by another person actually present and one participant is armed with a deadly weapon or dangerous instrument, or causes physical injury to another. Alabama Code 1975, Sections 13A-8-41, 13A-8-42."
In the present case, robbery in the second degree was correctly treated as a lesser included offense of robbery in the first degree. The court committed no error in denying both James and Smith's motions for judgment of acquittal.
 II
Appellants both further argue that the trial court erred in failing to suppress the in-court identification of them by the victim. They both contend that they were subjected to an impermissibly suggestive out-of-court "show-up." The victim, Ms. Moore, identified each of the appellants at a "show-up" within two hours after the robbery.
As this court stated in Brazell v. State, 369 So.2d 25
(Ala.Cr.App. 1979), "a certain degree of suggestiveness is inherent in the show-up identification procedure." Further, "the admission of evidence of a show-up without more does not violate due process of law."
 "One-on-one confrontations conducted shortly after the commission of the crime may be justified for they allow the 'fresh' identification before memory has dimmed or the suspect has changed his clothing, the prompt release of innocent persons, and the continuation of the search for the perpetrator with a minimum of delay. Wall, [Eye-Witness Identification In Criminal Cases,] p. 83. For these considerations to be effective, the on-the-scene identification must be prompt. Carter v. State, Ala.Cr.App., 340 So.2d 94, 98 (1976)." Brazell, at 29.
As the Supreme Court of the United States stated inManson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253,53 L.Ed.2d 140 (1977), "reliability is the linchpin in determining admissibility." The following *Page 565 
five factors are evaluated when determining the reliability of identification testimony:
 "(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated at the identification; and (5) the time between the crime and the identification."
Walker v. State, 523 So.2d 528, 533 (Ala.Cr.App. 1988);Phillips v. State, 462 So.2d 981, 988 (Ala.Cr.App. 1984);Flowers v. State, 402 So.2d 1088, 1092 (Ala.Cr.App.), cert. denied, 402 So.2d 1094 (Ala. 1981).
When considering the constitutionality of the pre-trial identification, we use the two-prong test discussed inBrazell. The first inquiry is "whether the initial identification was unnecessarily or impermissibly suggestive."369 So.2d at 28. If this first inquiry is answered in the affirmative, the inquiry then proceeds to whether such a tendency gave "rise to a very substantial likelihood of irreparable misidentification." Id. at 28.
The weight of the factors articulated in Walker should be measured against the corruptive effect of the suggestive identification. See, Manson, supra.
The record reflects that moments after the robbery, the victim gave a detailed description of the robbers to the police and within a very brief period positively identified the appellants as the robbers. Ms. Moore stated that one of the officers told her that "we got the two guys that your description fit." Ms. Moore further testified that she had two separate opportunities to view the robbers. She stated that approximately two hours before the robbery they came into the Magic Mart store and asked her about finding an apartment. They were both in the store approximately 15 to 20 minutes. She had ample time to observe their faces during that time; however, two hours later, when the two men came in to commit robbery, she had an additional five minutes to observe their faces. It is clear from the evidence that Ms. Moore had sufficient independent opportunity to form a basis for her identification of the two appellants. Her testimony was unquestionably reliable. "When an in-court identification of the accused is shown to have a basis independent of any pretrial identification then it is properly admitted into evidence."Clements v. State, 521 So.2d 1378, 1382 (Ala.Cr.App. 1988);Coleman v. State, 487 So.2d 1380, 1388 (Ala.Cr.App. 1986).
The court in this instance correctly denied the appellants' motions to suppress the in-court identification.
 III
Last, appellant Smith argues that the trial court erred in consolidating the cases for trial.
A motion to consolidate was granted in accordance with Rule 15.4(b), Ala.R.Crim.P.Temp., over the objection of appellant Smith. But, according to Rule 15.4(d), Ala.R.Crim.P.Temp., the court must order a severance of consolidated defendants if either the state or a defendant may be prejudiced from receiving a fair trial.
 "The test of whether a severance should be granted on the ground of prejudice to the defendant is whether under all the circumstances as a practical matter it is within the capacity of the jurors to follow the court's instructions and to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts. The trial judge must weigh the prejudice attendant to a joint trial against the interests of judicial economy." Holsemback v. State, 443 So.2d 1371, 1378
(Ala.Cr.App. 1983).
Here, the court weighed the factors listed inHolsemback and determined that no prejudice existed. The court did not err.
Based on the foregoing, the appellants' convictions are affirmed.
AFFIRMED.
All the Judges concur. *Page 566