Rodney O'Neal Dinkins was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. He was found guilty of first degree robbery and was sentenced to 23 years' imprisonment.
On June 13, 1990, at approximately 3:25 a.m., Domino's Pizza located in Opelika, Alabama, was robbed. Anthony Kelly testified that after closing the store and counting the money, he called the police for an escort to the bank. Mr. Kelly thought he saw the police at the carwash across the street, so he got the money bag and walked to his car. After placing the money bag in his car, two men came up behind him and said, "Give me your money bag." Mr. Kelly turned around and saw one man pointing something that looked like a gun. Mr. Kelly gave them the money bag and they ran around the corner. A total of $831.95 was taken. Mr. Kelly identified the appellant in court as being one of the men that robbed him.
Officer Thomas Franklin Barnes II testified that he was eight blocks away when he heard the broadcast of the robbery. He saw a small, grey Chevrolet Chevette traveling down Second Avenue at a high rate of speed. Officer Barnes pursued the automobile several blocks until it stopped. The passenger got out and ran. The officer caught him and hand-cuffed him and took him back to Domino's and then to the police department. The appellant was placed under arrest for robbery in the first degree.
Officer Danny Cooper, a lieutenant with the Opelika Police Department, testified that he gave appellant hisMiranda rights after which the appellant indicated he understood those rights and signed a waiver-of-rights form. The appellant gave three conflicting statements. However, in his third statement, the appellant admitted his part in robbing Domino's Pizza.
 I
The appellant contends that the trial court erred in granting the State's challenge for cause against a juror who admitted knowing the appellant and his family. The juror also told the Court that his personal association would make it difficult for him to serve.
The appellant's contention is without legal merit. InCarter v. State, 420 So.2d 292 (Ala.Cr.App. 1982), this Court held:
 " '[T]he trial judge was in a position to observe the demeanor and determine the prejudice of the venireman. The decision of a trial court to disqualify a juror on a challenge for cause is entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion. Motes v. State, 356 So.2d 712
(Ala.Cr.App.), cert. denied, 356 So.2d 720
(Ala. 1978).' "
See also Lewis v. State, 469 So.2d 1291 (Ala.Cr.App. 1984), affirmed, Ex parte Blake, 469 So.2d 1301 (Ala. 1985). There was no abuse of discretion by the trial court in this cause.
 II
The appellant's second contention is that the evidence at trial was insufficient to support a conviction of robbery in the first degree and, therefore, that the conviction is due to be reversed. The appellant claims the conviction is based on speculation, conjecture, and guesswork, and is therefore unauthorized. Specifically, the appellant argues that the State failed to prove the use of a weapon or that the appellant used force or threat of force.
After a review of the record, it is clear that the State met its burden of proof. Anthony Kelly testified that, after he put the money bag in his car, two men came up behind him and yelled, "Give me your money bag." He turned and saw one man pointing something that looked like a gun. Mr. Kelly gave them the money bag and they ran. A total of $831.95 was taken.
The force element was proven. The victim does not have to see a weapon; his belief that the robber is armed is sufficient. Breedlove v. State, 482 So.2d 1277
(Ala.Cr.App. 1985).
The State did present a prima facie case of robbery in the first degree, as charged in the indictment. The legal evidence before *Page 934 
the jury at the time the motion for judgment of acquittal was made was sufficient for the jury to find the appellant guilty beyond a reasonable doubt. The ruling of the trial court in denying the motion was proper.
 III
The appellant also contends that the trial court erred in refusing to instruct the jury on the lesser included offenses of robbery in the second degree and robbery in the third degree. Specifically, the appellant argues that the State failed to prove the offense by failing to prove whether the appellant used a weapon. However, the appellant admitted that he had a gun. Also, the victim testified that he saw what "looked like a gun."
Because the evidence was undisputed that one of the robbers was armed with a gun, this crime constituted robbery in the first degree and nothing less. Ex parte Curry, 471 So.2d 476,478 (Ala. 1984); Hyter v. State, 545 So.2d 194
(Ala.Cr.App. 1988). In Ex parte Curry, the Alabama Supreme Court stated: "In this case, the State presented evidence from the two employees, who testified that one of the men who entered the restaurant was carrying a gun. The presence of a gun elevates third degree robbery to first degree robbery." Exparte Curry, at 478.
There was no rational basis for the verdict convicting the appellant of a lesser included offense. Therefore, the trial court did not err in refusing to instruct the jury on robbery in the second or third degrees.
 IV
Last, the appellant contends that the trial court should have granted his motion to suppress both oral and written statements which he made to the officers. Specifically, the appellant asserts he was not given his Miranda rights, and that he was not allowed to call anyone concerning his arrest before being interviewed.
Officer Danny Cooper, a lieutenant with the Opelika Police Department, testified at the suppression hearing that at approximately 4:54 a.m. on June 13, 1990, he took a statement from this appellant. Officer Cooper testified that he advised the appellant of his Miranda rights, and that the appellant said he understood those rights and had no questions. The appellant also signed a waiver-of-rights form voluntarily, without any threats, promises, or coercion. Officer Cooper further testified that he had a second conversation with the appellant at 6:54 a.m., wherein he gave a written statement. At this time, the officer reminded the appellant of his Miranda
rights, and the appellant said he understood them. At 10:38 a.m., Officer Cooper received a call from the jailer, who said the appellant wanted to talk. Again, Officer Cooper read to the appellant a waiver-of-rights form, which the appellant signed and acknowledged that he understood.
This Court, in Magwood v. State, 494 So.2d 124
(Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala. 1986) held:
 "A confession is prima facie involuntary and inadmissible, and the State must show voluntariness and a Miranda predicate in order to admit it. Thomas v. State, 373 So.2d 1167
(Ala. 1979), vacated on other grounds, 448 U.S. 903
[100 S.Ct. 3043, 65 L.Ed.2d 1133] (1980); Lewis v. State, 295 Ala. 350, 329 So.2d 599 (1976). Whether a waiver is voluntarily, knowingly, and intelligently made depends upon the particular underlying facts and circumstances of each case, including the background, experience, and conduct of the accused — the totality of the circumstances. Thomas v. State; Wright v. State, 340 So.2d 74 (Ala. 1976); Chandler v. State, 426 So.2d 477 (Ala.Crim.App. 1982) (citing Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981)); Myers v. State, 401 So.2d 288
(Ala.Crim.App. 1981), and cases cited therein. The question of whether a confession or inculpatory statement was voluntarily made is one of law, to be determined by the trial judge. Marschke v. State, 450 So.2d 177 (Ala.Crim.App.), cert. denied, 450 So.2d 177 (Ala. 1984); Myers v. State. The finding of the trial judge will not be disturbed on appeal unless it appears contrary to the great *Page 935 
weight of the evidence or is manifestly wrong. Marschke v. State; Minor v. State, 437 So.2d 651
(Ala.Crim.App. 1983); Balentine v. State, 339 So.2d 1063 (Ala.Crim.App.), cert. denied, 339 So.2d 1070 (Ala. 1976). The trial court need only be convinced from a preponderance of the evidence to find a confession or inculpatory statement to have been voluntarily made. Harris v. State, 420 So.2d 812 (Ala.Crim.App. 1982); Myers v. State."
Magwood, at 135-36.
The trial court did not err in denying appellant's motion to suppress. The statement was properly admitted.
For the reasons shown, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.