The appellant, Phillip Ray Rice, was convicted of first degree robbery, a violation of § 13A-8-41, Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, §13A-5-9(c)(2), Code of Alabama 1975, he was sentenced to life imprisonment.
The state's evidence tended to show that on November 19, 1991, Anna Vernon was employed as a cashier at the Delta Mart convenience store in Mobile County. At 12:30 a.m. the following morning, the appellant came into the store and asked to use the restroom. The appellant then went to the cooler and returned to the register with a six-pack of beer. Vernon rang up the purchase price of the beer and told the appellant that the price was $6.09. As she was putting the beer into a bag, the appellant said, "Lady, I'm going to rob you." He then said, "Lady, I'm serious, don't make me pull this gun out because I don't want to have to." The appellant had his hand in his pocket, and Vernon saw a small brown handle protruding from the appellant's pocket. The appellant made Vernon open the cash register, and the appellant grabbed $12.00 in cash, and left the store. Officer Allen Carpenter of the Mobile Police Department was advised of the holdup, and spotted the appellant, who matched the description given by Vernon. Officer Carpenter attempted to stop the appellant's car. Before the appellant stopped, he threw a bag out of his car. After Carpenter stopped the appellant, he found a knife and $10.00 or $12.00 in the appellant's pocket. Carpenter retrieved the bag that the appellant had thrown from his car. The bag contained five beers from a six-pack of Miller Lite. The sixth beer was found in the appellant's car. Carpenter took the appellant back to the Delta Mart, where Vernon identified him as the man who had robbed the store. The appellant raises two issues on appeal.
 I
The appellant first contends that the trial court erred in denying his motion for a judgment of acquittal. He specifically argues that the state failed to prove that he "threatened the imminent use of force" while committing the robbery, as is required by the robbery statutes.
Section 13A-8-41, Code of Alabama 1975, provides, in pertinent part:
 "(a) A person commits the crime of robbery in the first degree if he violates section 13A-8-43
and he:
 "(1) Is armed with a deadly weapon or dangerous instrument;
". . . .
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed."
Section 13A-8-43, Code of Alabama 1975, provides, in pertinent part:
 "(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
". . . .
 "(2) Threatens the imminent use of force against the person of the owner or any person present with the intent to compel acquiescence to the taking of or escaping with property."
In a prosecution for first degree robbery, the robbery victim does not actually have to see a weapon to establish the element of force; his or her reasonable belief that the robber is armed is sufficient. Dinkins v. State, 584 So.2d 932
(Ala.Cr.App. 1991); Breedlove v. State, 482 So.2d 1277
(Ala.Cr.App. 1985). The test to determine *Page 142 
whether a person reasonably believes that an object is a deadly weapon is a "subjective" one. James v. State, 549 So.2d 562
(Ala.Cr.App. 1989). "It focuses on the 'reaction of the victim to the threats of the robber.' State v. Hopson, 122 Wis.2d 395,362 N.W.2d 166, 169 (1984)." 482 So.2d at 1281.
In James, supra, the victim of the robbery testified that "he had his hand in his pocket and gestured as if he had a pistol," and that one of the robbers said "come here . . . this is a hold up. I got a pistol." 549 So.2d at 564. This court held that such evidence was sufficient to sustain a conviction for robbery in the second degree.
Here, there is no question that the appellant "threatened the imminent use of force" while committing the robbery. It was the subjective belief of the store clerk that the appellant had a weapon. This belief caused her to give the money and merchandise to the appellant. "The state made out a prima facie case of robbery. The testimony of the victim alone was sufficient to accomplish this. Godbee v. State, 56 Ala. App. 174, 320 So.2d 107 (1975)." Arnold v. State, 348 So.2d 1092,1097 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala. 1977). The trial court did not err in denying the appellant's motion for judgment of acquittal.
 II
The appellant next contends that there was a fatal variance between the indictment and the evidence produced at trial, because the state did not prove that the appellant actually was "armed with a deadly weapon or dangerous instrument." The indictment against the appellant states, in pertinent part, that the appellant "was armed or represented to a person present that he was armed with a deadly weapon or dangerous instrument, to wit: a gun."
First, the indictment listed an alternative method of proof, that the appellant "was armed," or that he "represented to a person present that he was armed." The proof adduced at trial showed that the appellant threatened to use a gun if necessary. There was no variance between the indictment and the evidence presented at trial. Further, "[t]his court has repeatedly held that the State does not have to prove that the defendant actually had a gun in order to sustain a conviction of first degree robbery. Stewart v. State, [443 So.2d 1362, 1363
(Ala.Cr.App. 1983)]." 482 So.2d at 1281.
An indictment is sufficient if it "apprise[s] the accused with a reasonable certainty of the nature of the accusation against him so that he may prepare his defense and plead the judgment of conviction as a bar to any subsequent prosecution for the same offense." Copeland v. State, 455 So.2d 951, 956
(Ala.Cr.App.), cert. denied, 455 So.2d 956 (Ala. 1984). See alsoGriffin v. State, 500 So.2d 83, 85 (Ala.Cr.App. 1986). For a conviction to be overturned on the grounds of variance between the indictment and the evidence presented at trial, the variance must be material. Brown v. State, 588 So.2d 551
(Ala.Cr.App. 1991). "To be material, a variance as to the name alleged in the indictment form that proved by the evidence must be such as to be misleading or substantially injurious to the accused in making his defense, or to expose him to the danger of a second trial on the same charge." Jackson v. State,412 So.2d 302, 304 (Ala.Cr.App. 1982), citing Rupert v. State,45 Ala. App. 84, 224 So.2d 921 (1969).
There was no variance between the indictment and the evidence produced at trial, much less a fatal variance between the two. For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 143