The appellant, Donald C. Porter, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to life in the penitentiary without the possibility of parole pursuant to the Habitual Felony Offender Act.
The state's evidence tended to show that on July 21, 1993, the appellant robbed Brenda Hyde, the manager of the Majik Market convenience store at 8701 First Avenue North in Birmingham. Hyde testified that at about 11:00 p.m. the appellant entered the store. She said that he ran up to her and put what she thought was a gun to her rib cage; that he pushed her toward the cash register and told her to open the register; and that he said that he "didn't want to hurt nobody." Hyde testified that when she opened the cash register he reached into it with his left hand and then hesitated because a woman was walking into the store. The appellant told Hyde to tell the woman to leave, which she did. However, the woman did not move. Hyde testified that she then screamed at the woman to get out and the woman left. The appellant then with both hands lifted the cash drawer out of the cash register and ran out of the store. *Page 108 
The appellant contends on appeal that the trial court erred in not granting his motion for a judgment of acquittal.
More specifically, he contends that the state failed to prove that the money described in the indictment as the amount stolen belonged to Hyde and that the state failed to prove that $100 was actually stolen. "It is not necessary that title be in the person robbed." Mays v. State, 335 So.2d 246 (Ala.Cr.App. 1976). In a robbery case, "[o]wnership of the property is properly laid in the party in possession, either as an owner, bailee, or agent." Johnson v. State, 406 So.2d 451, 455 (Ala.Cr.App. 1981). The state presented evidence that Hyde was the manager of the Majik Market and that she had control over the cash register. This was sufficient evidence from which the jury could find that the money did not belong to the appellant.
Hyde testified that the appellant stole $96 from her. The appellant contends that the state, therefore, did not prove its case because the indictment alleges that $100 was stolen. However, "the value of the property is an immaterial allegation in an indictment for robbery." Williams v. State,568 So.2d 354, 357 (Ala.Cr.App. 1990). " '[W]here testimony on the trial of a robbery charge as to the amount of money taken is not in accordance with the allegations of the indictment, such a variance is not fatal and is immaterial.' " Williams, 568 So.2d at 357. The state presented sufficient evidence from which the jury could find that the appellant committed a theft of United States currency and that that offense was within the meaning of the robbery statute.
The appellant also contends that the state failed to prove that he was armed or that he appeared to be armed. Section13A-8-41, Code of Alabama 1975, which defines robbery in the first degree, states:
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed."
The appellant contends that the state did not prove this element because Hyde never specifically stated that she saw a gun and because a gun was never recovered. He contends that she assumed he had a gun because she stated she felt something hard being pushed into her rib cage and because she developed a round bruise in that spot. Also, in the appellant's statement to the police he maintained that he was not armed.
 "In a prosecution for first degree robbery, the robbery victim does not actually have to see a weapon to establish the element of force; his or her reasonable belief that the robber is armed is sufficient. Dinkins v. State, 584 So.2d 932
(Ala.Cr.App. 1991); Breedlove v. State, 482 So.2d 1277 (Ala.Cr.App. 1985). The test to determine whether a person reasonably believes that an object is a deadly weapon is a 'subjective' one. James v. State, 549 So.2d 562 (Ala.Cr.App. 1989). 'It focuses on the "reaction of the victim to the threats of the robber." State v. Hopson, 122 Wis.2d 395, 362 N.W.2d 166, 169 (1984).' 482 So.2d at 1281."
Rice v. State, 620 So.2d 140, 141-2 (Ala.Cr.App. 1993).
Hyde's testimony presented sufficient evidence from which the jury could find that she had a subjectively reasonable belief that the appellant was armed, even though conflicting evidence was also presented. Any inconsistencies and conflicts in the evidence are for the jury to resolve. O'Barr v. State,639 So.2d 533, 536 (Ala.Cr.App. 1993). This court is not a finder of fact and will not second-guess juries in their conclusions as to the facts of a case. O'Barr, 639 So.2d at 536. We will not substitute our judgment for that of the jury. Owens v. State,597 So.2d 734, 737 (Ala.Cr.App. 1992).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 109