The appellant, Byron Cornelius Tubbs, was convicted of the murder of James Moore. The murder was made capital because it occurred during a robbery in the first degree or an attempted robbery in the first degree. See § 13A-5-40(a)(2), Ala. Code 1975. The trial court sentenced him to life imprisonment without the possibility of parole.[1] The appellant filed a motion for a new trial, which he later amended. The trial court denied the motion after a hearing.[2] This appeal followed.
The appellant raises several ineffective-assistance-of-counsel claims that may have merit. The State asks us to remand this cause for the trial court to make specific findings of fact concerning the claims raised during the hearing on the motion for a new trial. Because the trial court presided over the trial and the hearing on the motion for a new trial, we believe that that court is in the best position to make findings of fact regarding the appellant's claims. Accordingly, we remand this cause for the trial court to make specific findings of fact as to each claim raised during the hearing on the motion for a new trial. See Thomas v. State, 525 So.2d 816
(Ala.Cr.App. 1984), aff'd, 525 So.2d 820 (Ala. 1985), cert. denied,488 U.S. 834, 109 S.Ct. 94, 102 L.Ed.2d 70 (1988) (remanding for an evidentiary hearing and specific findings of fact on the ineffective-assistance-of-counsel claim raised on direct appeal) (citing Ex parte Daniel, 459 So.2d 942 (Ala. 1982), aff'd,459 So.2d 948 (Ala. 1984), cert. denied, 471 U.S. 1009,105 S.Ct. 1878, 85 L.Ed.2d 170 (1985); and Delevie v. State, 454 So.2d 1044
(Ala.Cr.App. 1984)). The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH DIRECTIONS.*
Long, P.J., and McMillan, Cobb, and Fry, JJ., concur.
* Note from the reporter of decisions: On September 10, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On October 8, 1999, that court denied rehearing,
[1] In accordance with the wishes of the victim's family, the State did not seek the imposition of the death penalty. (R. 1117-18.)
[2] At the hearing, the appellant withdrew several of the claims upon which he sought relief. *Page 1211