The appellant, Raymond Vinnie, was convicted of possession of marijuana in the first degree, a violation of § 13A-12-213, Ala. Code 1975. He was sentenced, as a habitual offender, to 25 years' imprisonment. He raises six issues on appeal; however, we need address only one issue at this time.
Vinnie contends that his trial counsel was ineffective. Following the sentencing hearing, Vinnie's newly retained appellate counsel filed a motion for a new trial, in which he raised three claims of ineffective assistance of trial counsel. After several continuances agreed upon by both parties, see Rule 24.4, Ala.R.Crim.P., a hearing was held on the motion on July 16, 2001. Following the hearing, the parties agreed to continue the proceedings on the motion until July 30, 2001, to allow the trial court time to prepare a written order addressing the claims asserted in the motion. However, the record reflects that the trial court never issued a written order ruling on the motion; therefore, the motion was deemed denied by operation of law on July 30, 2001.
Because the trial court never issued an order denying Vinnie's motion for a new trial, despite holding a hearing and receiving evidence regarding the claims in the motion, we believe it necessary to remand this case to the trial court for it to make specific written findings of fact regarding Vinnie's claims of ineffective assistance of counsel. "`Because the trial court presided over the trial and the hearing on the motion for a new trial, we believe that that court is in the best position to make findings of fact regarding the appellant's claims.'"Stallings v. State, 793 So.2d 867, 869 (Ala.Crim.App. 2000), quotingTubbs v. State, 753 So.2d 1209, 1210 (Ala.Crim.App. 1999).
Therefore, we remand this case to the trial court for it to make specific written findings of fact as to each of Vinnie's claims of ineffective assistance of trial counsel. The trial court may conduct any additional proceedings it deems necessary. Due return shall be filed with this Court no later than 35 days from the date of this opinion. The return to remand shall include a transcript of the proceedings, if any, conducted by the trial court on remand and the trial court's specific written findings of fact. We pretermit discussion of the remaining issues raised by Vinnie pending the trial court's return to our remand order.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.