The appellant, Michael Durand Busby, pled guilty to manslaughter, a violation of § 13A-6-3(a)(1), Ala. Code 1975. The trial court sentenced him to serve a term of twenty years in prison. The appellant filed a motion to withdraw his guilty plea, which the trial court summarily denied. This appeal followed.
The appellant argues that the trial court erroneously denied his motion to withdraw his guilty plea. In his motion, he raised several potentially meritorious claims in which he contended that his trial counsel rendered ineffective assistance and that he did not knowingly, voluntarily, and intelligently enter his guilty plea. He also attached several affidavits in support of his motion. Although the State filed a response to the appellant's motion to withdraw his guilty plea, it did not refute the appellant's specific claims. Furthermore, on the same day the State filed its response, the trial court signed an order summarily denying the motion without making any findings of fact regarding the appellant's claims.
Because the trial court is in the best position to make findings of fact regarding the appellant's claims, we remand this case to that court with instructions that it make specific, written findings of fact as to each claim the appellant raised in his motion to withdraw his guilty plea. See Vinnie v.State, 866 So.2d 1175 (Ala.Crim.App. 2002) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial); Stallings v.State, 793 So.2d 867 (Ala.Crim.App. 2000) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial); Tubbs v.State, 753 So.2d 1209 (Ala.Crim.App. 1999) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial). On remand, the trial court may order the State to respond to the appellant's specific allegations and/or may conduct an evidentiary hearing on those claims. If the trial court determines that the appellant is entitled to relief, it may order such relief. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court's specific, written findings of fact; a copy of the State's response, if any; and a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On February 23, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 16, 2007, that court denied rehearing, without opinion. On June 15, 2007, the Supreme Court denied certiorari review, without opinion (1060944). *Page 1034