BASCHAB, Judge.
The appellant, Aloysius Henry, was convicted of first-degree robbery, a violation of § 13A-8-41(a)(l), Ala.Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of life in prison. See § 13A-5-9(c), Ala.Code 1975. The appellant filed a motion for a new trial, which the trial court summarily denied.[1] This appeal followed.
The appellant argues that his trial counsel rendered ineffective assistance. (Issue III in the appellant’s brief.) Specifically, he contends that counsel met with him only one time before his trial began; did not call witnesses who could have testified on his behalf; did not follow up on the court’s order for the State to produce videotapes he had requested; and did not object to inadmissible evidence. The appellant raised several ineffective-assistance-of-counsel allegations in his pro se motion for a new trial. However, the State did not refute any of the appellant’s allegations, and the trial court did not make any findings of fact regarding those allegations.
Because the trial court is in the best position to make findings of fact regarding the appellant’s claims, we remand this case to that court with instructions that it make specific, written findings of fact as to each of the appellant’s ineffective-assistance-of-counsel allegations. See Vinnie v. State, 866 So.2d 1175 (Ala.Crim.App.2002) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial); Stallings v. State, 793 So.2d 867 (Ala.Crim.App. 2000) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial); Tubbs v. State, 753 So.2d 1209 (Ala.Crim. App.1999) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial). On remand, the trial court may order the State to respond to the appellant’s specific allegations and/or may conduct an eviden-tiary hearing on those claims. If the trial court determines that the appellant is entitled to relief, it may order such relief. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court’s specific, written findings of fact; a copy of the State’s response, if any; and a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. The State argues that the appellant did not timely file his motion for a new trial. The record indicates that the trial court sentenced the appellant on September 30, 2005, and that the appellant filed his motion on October 31, 2005. Pursuant to Rule 24.1(b), Ala. R.Crim. P., a motion for a new trial must be filed no more than thirty days after the trial court pronounces sentence. However, because the thirtieth day in this case was October 30, 2005, which was on Sunday, the appellant had until Monday, October 31, 2005, to file his motion. Therefore, his motion was timely filed. See Rule 1.3(a), Ala. R.Crim. P.

 Note from the reporter of decisions: On August 18, 2006, on return to remand, the Court *1157 of Criminal Appeals affirmed, without opinion. On September 1, 2006, that court denied rehearing, without opinion. On December 8, 2006, the Supreme Court denied certiorari review, without opinion (1051735).