The appellant, Hermanno M. Mizusawa, pled guilty to unlawful possession of obscene matter, a violation of § 13A-12-192(b), Ala. Code 1975. The trial court sentenced him to serve a term of eight years in prison, but split the sentence and ordered him to serve six months followed by three years on probation. The appellant filed a "Defendant's Combined Motion to Withdraw Guilty Plea and Renewed Motion for a Continuance," a "Supplement to Defendant's Combined Motion to Withdraw Guilty Plea and Renewed Motion for a Continuance," and a "Memorandum in Support of Combined Motion to Withdraw Guilty Plea and Renewed Motion for Continuance," which the trial court denied. This appeal followed.
The appellant argues that the trial court erroneously denied his motion to withdraw his guilty plea. In his pleadings, he raised several potentially meritorious claims in which he contended that his trial counsel rendered ineffective assistance and that he did not knowingly, voluntarily, and intelligently enter his guilty plea. He also attached *Page 793 
several affidavits and various documents in support of his pleadings. The State did not refute the appellant's specific claims. During the sentencing hearing, the trial court took up the issue of the appellant's pleadings. However, counsel at sentencing stated that he had been appointed less than twenty-four hours before the sentencing hearing; that he was not prepared to argue the motion; that an out-of-state attorney was present and had filed an application to be admitted pro hac vice, but that motion had not been granted at that time; and that he had advised the appellant to argue the pleadings and to rest on the pleadings. At that time, the trial court discussed the procedural history of the case and made a general finding that the appellant had knowingly, voluntarily, and intelligently entered his guilty plea. However, it did not make any findings of fact regarding the appellant's specific claims.
The State has asked that we remand this case to the trial court for that court to address the appellant's claims. Because the appellant raised claims that may be meritorious, we agree that the trial court is in the best position to make findings of fact regarding the claims. Therefore, we remand this case to that court with instructions that it make specific, written findings of fact as to each claim the appellant raised in his "Defendant's Combined Motion to Withdraw Guilty Plea and Renewed Motion for a Continuance," "Supplement to Defendant's Combined Motion to Withdraw Guilty Plea and Renewed Motion for a Continuance," and "Memorandum in Support of Combined Motion to Withdraw Guilty Plea and Renewed Motion for a Continuance."See Vinnie v. State, 866 So.2d 1175
(Ala.Crim.App. 2002); Stallings v. State, 793 So.2d 867
(Ala.Crim.App. 2000); Tubbs v. State, 753 So.2d 1209
(Ala.Crim.App. 1999). On remand, the trial court may order the State to respond to the appellant's specific allegations and/or may conduct an evidentiary hearing on those claims. If the trial court determines that the appellant is entitled to relief, it may order such relief. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court's specific, written findings of fact; a copy of the State's response, if any; and a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
* Note from the reporter of decisions: On April 11, 2008, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.