BASCHAB, Presiding Judge.
 

 The appellant, William L. Smoke, was convicted of unlawful possession of obscene matter, a violation of § 13A-12-192(b), Ala.Code 1975. The trial court sentenced him to serve a term of ten years in prison. The appellant filed a motion for a new trial, which the trial court denied after conducting a hearing. This appeal followed.
 

 The appellant argues that his trial counsel rendered ineffective assistance in numerous instances. He raised several ineffective-assistance-of-counsel allegations during the hearing on his motion for a new trial. However, the trial court did not make any findings of fact regarding those allegations.
 

 1Because the trial court is in the best position to make findings of fact regarding the appellant’s ineffective-assistance allegations, we remand this case to that court with instructions that it make specific, written findings of fact as to each of the allegations.
 
 See Vinnie v. State,
 
 866 So.2d 1175 (Ala.Crim.App.2002) (remanding for
 
 *418
 
 specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial);
 
 Stallings v. State,
 
 793 So.2d 867 (Ala.Crim.App.2000) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial);
 
 Tubbs v. State,
 
 753 So.2d 1209 (Ala.Crim.App.1999) (remanding for specific findings of fact on ineffective-assistance-of-counsel claims raised in a motion for a new trial). On remand, if the trial court determines that the appellant is entitled to relief, it may order such relief. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court’s specific, written findings of fact.
 

 REMANDED WITH INSTRUCTIONS.
 
 *
 

 McMILLAN, SHAW, WISE, and WELCH, JJ.-, concur.
 

 *
 

 Note from the reporter of decisions: On August 22, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 12, 2008, that court denied rehearing, without opinion. On January 16, 2009, the Supreme Court denied certiora-ri review, without opinion (1071746).