BASCHAB, Presiding Judge.
 

 The appellant, Robert Derron Riley, was convicted of second-degree assault, a violation of § 13A-6-21(a)(2), Ala.Code 1975.
 
 [1]
 
 The trial court sentenced him, as a habitual offender, to serve a term of thirty-five years in prison.
 
 See
 
 § 13A-5-9(c)(l), Ala. Code 1975. The appellant filed a “Motion for Judgment of Acquittal or, in the Alternative, for New Trial or Arrest of Judgment,” which the trial court denied after conducting a hearing. This appeal followed.
 

 The appellant argues that his trial counsel rendered ineffective assistance in
 
 *82
 
 several instances. He raised several ineffective-assistance-of-counsel allegations during the hearing on his motion for a new trial. However, the trial court did not make any findings of fact regarding those allegations.
 
 [2]
 

 Because the trial court is in the best position to make findings of fact regarding the appellant’s ineffective-assistance allegations, we remand this case to that court with instructions that it make specific, written findings of fact as to each of the allegations.
 
 See Vinnie v. State,
 
 866 So.2d 1175 (Ala.Crim.App.2002) (remanding for specific findings of fact on ineffective-assistance-of-counsel allegations raised in a motion for a new trial);
 
 Stallings v. State,
 
 793 So.2d 867 (Ala.Crim.App.2000) (remanding for specific findings of fact on ineffective-assistance-of-counsel allegations raised in a motion for a new trial);
 
 Tubbs v. State,
 
 753 So.2d 1209 (Ala.Crim.App.1999) (remanding for specific findings of fact on ineffective-assistance-of-counsel allegations raised in a motion for a new trial). On remand, the trial court may order the State to respond to the appellant’s specific allegations and/or may conduct an eviden-tiary hearing on those allegations. If the trial court determines that the appellant is entitled to relief, it may order such relief. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the trial court’s specific, written findings of fact; a copy of the appellant’s records from Family and Community Medicine Associates that were introduced during the hearing on the motion for a new trial; a copy of the State’s response, if any; exhibits introduced during the remand proceedings, if any; and a transcript of the remand proceedings, if any, conducted by the trial court.
 

 REMANDED WITH INSTRUCTIONS.
 

 McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
 

 [1]
 

 . The appellant was also convicted of second-degree criminal mischief in case number CC-07-69. However, he did not appeal that conviction.
 

 [2]
 

 . We also note that, during the hearing on the motion for a new trial, counsel provided the court with a copy of the appellant's records from Family and Community Medicine Associates. However, the record on appeal does not include those records.