39 So.3d 1186 (2009)
Gary Wayne YOUNGBLOOD
v.
STATE of Alabama.
CR-08-0846.
Court of Criminal Appeals of Alabama.
August 7, 2009.
*1187 James Radford Berry, Albertville, for appellant.
Troy King, atty. gen., and Michael G. Dean, asst. atty. gen., for appellee.
WISE, Presiding Judge.
The appellant, Gary Wayne Youngblood, was indicted for one count of first-degree sodomy, two counts of child abuse, and two counts of first-degree sexual abuse. He entered pleas of guilty to two counts of first-degree sexual abuse, a violation of § 13A-6-66, Ala.Code 1975. Youngblood filed a motion to withdraw his guilty pleas, which the trial court denied after conducting a hearing. The trial court then sentenced him to serve consecutive terms of ten years in prison. This appeal followed.
Youngblood argues that he did not knowingly, voluntarily, and intelligently enter his guilty pleas because his trial counsel allegedly misrepresented the possible sentences he could receive if he was convicted of all five of the charges against him and because he allegedly was coerced by counsel's actions to plead guilty. During the hearing on Youngblood's motion to withdraw his guilty pleas, Youngblood and his attorney testified. In its brief to this court, the State concedes that some of the evidence as to Youngblood's arguments was conflicting and that the trial court made credibility choices. However, the trial court did not make any findings of fact regarding Youngblood's allegations, and those allegations could be meritorious.
Because it presided over the guilty plea proceedings and the hearing on Youngblood's motion to withdraw his guilty pleas, the trial court is in the best position to make findings of fact regarding Youngblood's allegations. Therefore, we remand this case to that court with instructions that it make specific, written findings of fact as to Youngblood's allegations that he did not knowingly, voluntarily, and intelligently enter his guilty pleas because his trial counsel allegedly misrepresented the possible sentences he could receive if he was convicted of all five of the charges against him and because he allegedly was coerced by counsel's actions to plead guilty. See Vinnie v. State, 866 So.2d 1175 (Ala.Crim.App.2002); Stallings v. State, 793 So.2d 867 (Ala.Crim.App.2000); Tubbs v. State, 753 So.2d 1209 (Ala.Crim.App. 1999). On remand, if the trial court determines that the appellant is entitled to relief, it may order such relief. The trial *1188 court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court's specific, written findings of fact.
REMANDED WITH INSTRUCTIONS.[*]
WINDOM, KELLUM, and MAIN, JJ., concur.
WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
I disagree with the majority's opinion remanding this case to the trial court. A remand is unnecessary here because the case can be, and should be, resolved based solely on the record before this Court. The trial court's judgment denying Youngblood's motion to withdraw his guilty plea should be affirmed.
During Youngblood's jury trial on one count of first-degree sodomy, two counts of child abuse, and two counts of first-degree sexual abuse, he entered pleas of guilty to the two counts of first-degree sexual abuse and the remaining charges were dismissed. Before sentencing, Youngblood filed a motion to withdraw the guilty pleas. Youngblood stated in that motion, simply: "Comes now the defendant, by and through counsel, and moves to set-aside his guilty plea. Additionally, counsel moves to withdraw." (C. 12.) The trial court held a hearing on the motion to withdraw the guilty pleas, and Youngblood and trial counsel testified. Youngblood testified that he was under duress when he entered the guilty pleas and that he was unduly influenced to enter the pleas: "I wasn't in my right mind that day because I was fearing from being arrested on child support. I know it sounds crazy, but I've been arrested so many times on child support, numerous occasions" (R. 11). He further testified that he decided to plead guilty to the two counts of sexual abuse because of his financial circumstances, which, he explained, were that his children were planning to buy a house and he "was trying [his] best to help them." (R. 17.) Youngblood testified that he entered guilty pleas for the additional reason that he did not want his children to have to testify against their mother. Youngblood then summarized his reasons for pleading guilty:
"I felt at the time it was the best thing to do where I could go home, get my children's home, get it put together like we did. They're living in it now. They have power, water, sewer, cable TV, to where that way when I get railroaded to prison for something I didn't do, at least my children will be comfortable."
(R. 17.)
When the prosecutor asked Youngblood what he alleged trial counsel did wrong, Youngblood replied:
"I'm not alleging he done anything wrong. I'm alleging that he did not want to represent me and told me to my face that he did not want to represent me and told me as he walked out, `I am quitting this case. I no longer want to represent you, Mr. Youngblood.' And he walked out. And that's the last I seen him."
(R. 25.)
At the conclusion of the hearing, the trial court stated: "Based on the evidence I do not find that there is sufficient grounds to allow Mr. Youngblood to set aside his plea." (R. 43.)
*1189 On appeal, Youngblood alleges ineffective assistance of counsel. The majority summarizes Youngblood's claims before this Court: "Youngblood argues that he did not knowingly, voluntarily, and intelligently enter his guilty pleas because his trial counsel allegedly misrepresented the possible sentences he could receive if he was convicted of all five charges against him and because he allegedly was coerced by counsel's actions to plead guilty." The majority then remands the case so that the trial court can make factual findings as to claims of ineffective assistance of counsel. Remand for fact-findings as to these claims is not required. Youngblood did not raise these claims in the trial court, and they cannot be raised for the first time on appeal. E.g., Parks v. State, 989 So.2d 626, 635 (Ala.Crim.App.2007) ("To preserve the claims of ineffective assistance for appellate review on direct appeal, counsel should have presented these claims to the trial court in a motion for a new trial.").
Furthermore, the majority cites and relies on Vinnie v. State, 866 So.2d 1175 (Ala.Crim.App.2002), Stallings v. State, 793 So.2d 867 (Ala.Crim.App.2000), and Tubbs v. State, 753 So.2d 1209 (Ala.Crim. App.1999), in support of its determination that the case must be remanded for factual findings by the trial court. The majority's reliance on those cases here, however, is misplaced. In Vinnie, Stallings, and Tubbs, this Court remanded each case for factual findings because the appellant in each of these cases had made allegations of ineffective assistance of counsel in a motion for a new trial, because the trial court in each case had held a hearing on those allegations, and because the trial court in each case had also presided over the trial and was in the best position to make factual findings about the ineffective-assistance-of-counsel claims. Vinnie, Stallings, and Tubbs do not apply here because Youngblood did not make any allegations of ineffective assistance of counsel in his motion to withdraw his guilty plea or at the hearing on the motion. Those cases do not mandate a remand for factual findings by the trial court in this case.
Moreover, it is clear to me that the claims Youngblood did raise in the trial court were clearly without merit, and that the trial court's summary denial of the motion to withdraw the guilty plea was not an abuse of discretion. White v. State, 4 So.3d 1208 (Ala.Crim.App.2008) (decision whether to allow withdrawal of a guilty plea is for the trial court's discretion, and that decision will be overturned only for an abuse of discretion). In this case, even if the allegations Youngblood made in the trial court regarding his reasons for pleading guilty were factually true, those reasons did not render the pleas involuntary. Withdrawal of Youngblood's guilty pleas was not necessary to correct a manifest injustice, Rule 14.4(e), Ala. R.Crim. P., and the trial court did not abuse its discretion when it denied Youngblood's motion to withdraw the pleas.
A remand is not required in this case. The trial court's judgment should be affirmed. Therefore, I respectfully dissent.
NOTES
[*] Note from the reporter of decisions: On December 4, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion.