WISE, Presiding Judge.
The appellant, Gary Wayne Youngblood, was indicted for one count of first-degree sodomy, two counts of child abuse, and two counts of first-degree sexual abuse. He entered pleas of guilty to two counts of first-degree sexual abuse, a violation of § 13A-6-66, Ala.Code 1975. Youngblood filed a motion to withdraw his guilty pleas, which the trial court denied after conducting a hearing. The trial court then sentenced him to serve consecutive terms of ten years in prison. This appeal followed.
Youngblood argues that he did not knowingly, voluntarily, and intelligently enter his guilty pleas because his trial counsel allegedly misrepresented the possible sentences he could receive if he was convicted of all five of the charges against him and because he allegedly was coerced by counsel’s actions to plead guilty. During the hearing on Youngblood’s motion to withdraw his guilty pleas, Youngblood and his attorney testified. In its brief to this court, the State concedes that some of the evidence as to Youngblood’s arguments was conflicting and that the trial court made credibility choices. However, the trial court did not make any findings of fact regarding Youngblood’s allegations, and those allegations could be meritorious.
Because it presided over the guilty plea proceedings and the hearing on Young-blood’s motion to withdraw his guilty pleas, the trial court is in the best position to make findings of fact regarding Young-blood’s allegations. Therefore, we remand this ease to that court with instructions that it make specific, written findings of fact as to Youngblood’s allegations that he did not knowingly, voluntarily, and intelligently enter his guilty pleas because his trial counsel allegedly misrepresented the possible sentences he could receive if he was convicted of all five of the charges against him and because he allegedly was coerced by counsel’s actions to plead guilty. See Vinnie v. State, 866 So.2d 1175 (Ala.Crim.App.2002); Stallings v. State, 793 So.2d 867 (Ala.Crim.App.2000); Tubbs v. State, 753 So.2d 1209 (Ala.Crim.App.1999). On remand, if the trial court determines that the appellant is entitled to relief, it may order such relief. The trial *1188 court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court’s specific, written findings of fact.
REMANDED WITH INSTRUCTIONS. 
■WINDOM, KELLUM, and MAIN, JJ., concur.
WELCH, J., dissents, with opinion.