MURDOCK, Justice
(dissenting).
I respectfully dissent from the denial of certiorari review. As a threshold matter, I note my agreement with the reasons cited by Chief Justice Moore for which this Court, in the interest of justice in this particular case, should overlook the failures that characterize the pro se petition before us.
As for the merits of this case, I acknowledge that Willie Conner was found to be in possession of a pocketknife at the time of his arrest. There is no suggestion in the unpublished memorandum of the Court of Criminal Appeals, however, that any person saw that knife or had any reason to believe that Conner was possessed of a deadly weapon in the form of such a knife. The discussion by the Court of Criminal Appeals as to whether Conner was armed with a deadly weapon or dangerous instrumentality focuses solely on his “verbal representation” that “he had a gun.” I likewise will limit the focus of my comments.
In order to prove first-degree robbery in the absence of “serious physical injury to another,” see Ala.Code 1975, § 13A-8-41(a)(2), the State must prove that the defendant was “armed with a deadly weapon or dangerous instrument,” see § 13A-8-41(a)(l). A requirement that the defendant be “armed” means that defendant must have been armed. I know of no other way to read those words.
Yet, somehow, the fact that § 13A-8-41(b) provides methods, short of direct evidence of the defendant’s being armed, by which the State can present a prima facie case that the defendant was armed, has led to restatements of the necessary elements of first-degree robbery that suggest that it is not necessary for the defendant actually to be armed. In the present case, for example, after quoting Rice v. State, 620 So.2d 140, 141-42 (Ala.Crim. App.1993), for the proposition, in a different context, that “ ‘the State does not have to prove the defendant actually had a gun in order to sustain a conviction of first-degree robbery,’ ” the Court of Criminal Appeals states that, “[ajlthough Conner *564 did not have a gun at the time, his claim that he had a gun was a sufficient verbal representation that he was armed with a deadly weapon.” Even the passage in James v. State, 405 So.2d 71, 73 (Ala.Crim.App.1981), noted by Chief Justice Moore in his special writing contributes to the confusion, stating that, “[i]n order to be convicted of first-degree robbery, an accused need not even be armed with a deadly weapon or dangerous instrument” under certain circumstances. That simply is not true.
What is true is that, in the absence of any evidence deemed sufficient by the fact-finder to rebut the prima facie case established through presentation of certain evidence as described in § 13A-8-41(b), the State will have proven that the defendant was armed. It is not true, however, that the State need not prove that the defendant was armed; at the end of the day, the required element of the defendant’s being armed is still a required element of the offense. That which is set out in § 13A-8-41(b) as prima facie evidence of that element is only that, prima facie evidence. Section 13A-8-41(b) does not change what the State must prove under § 13A-8-41(a)(2); it merely provides a tool designed to aid the State in proving it.